IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| GreenTech Automotive, Inc., <u>et al.</u>[1] ) | Case No. 18-10651 |
| ) | Jointly Administered |
| Debtor. ) | |
| ) | |

**DEBTORS' THIRD MOTION FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY CODE SECTION 1121(d) EXTENDING THE DEBTORS' EXCLUSIVE <u>PERIOD TO SOLICIT ACCEPTANCES TO THEIR CHAPTER 11 PLAN</u>**

GreenTech Automotive, Inc. ("**GreenTech**") and WM Industries Corp. ("**WMIC**"), debtors and debtors-in-possession in these jointly-administered cases (together, the "**Debtors**"), hereby move (the "**Third Exclusivity Motion**") for entry of an order, pursuant to section 1121(d) of the United States Bankruptcy Code (the "**Bankruptcy Code**") and Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), further extending for an additional sixty (60) days the Debtors' exclusive period to solicit acceptances of their Modified Third Amended Joint Chapter 11 Plan of Liquidation of GreenTech Automotive, Inc. and WM Industries Corp. [Docket No. 375] (as may be further amended, the "**Plan**") through

---

[1] The Debtors in these jointly administered chapter 11 cases are GreenTech Automotive, Inc. (Case No. 18-10651), WM Industries Corp. (Case No. 18-10652), Gulf Coast Funds Management, LLC (Case No. 18-10653), American Immigration Center, LLC (Case No. 18-10654), GreenTech Automotive Capital A-3 GP, LLC (Case No. 18-10655), and GreenTech Automotive Partnership A-3, L.P. (Case No. 18-10656). All activities and deadlines for the other administratively consolidated debtors, other than GreenTech and WMIC, have been stayed pursuant to Court Order. It is anticipated that the cases of the entities other than the movants herein shall be voluntarily dismissed.

Kristen E. Burgers (VSB No. 67997)
HIRSCHLER FLEISCHER
8270 Greensboro Drive, Suite 700
Tysons, Virginia 22102
Telephone: (703) 584-8900
Facsimile: (703) 584-8901
Email: kburgers@hf-law.com

*Co-Counsel to the Debtor*

Mark S. Lichtenstein (Admitted pro hac vice)
Crowell & Moring LLP
590 Madison Avenue, 20th Floor
New York, New York 10022
Telephone: (212) 223-4000
Facsimile: (212) 223-4001
Email: mlichtenstein@crowell.com

*Co-Counsel to the Debtor*

and including March 23, 2019.  In support of this Third Exclusivity Motion, the Debtors respectfully state as follows:

## Jurisdiction

1.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this Court pursuant to 28 U.S.C. § § 1408 and 1409.

2.      The statutory predicates for the relief requested herein are section 1121(d) of the Bankruptcy Code and Bankruptcy Rule 9006.

## Background

3.      On February 26, 2012, the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby initiating their respective chapter 11 cases (the "**Chapter 11 Cases**").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request has been made for the appointment of a trustee or examiner and no official committee of creditors has been appointed in the Chapter 11 Cases.

4.      On June 6, 2018, the Debtors filed a Motion for Entry of an Order Pursuant to Section 1121(d) of the Bankruptcy Code Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and to Solicit Acceptances Thereto (the "**First Exclusivity Motion**") [Docket No. 170], whereby the Debtors requested (a) an extension of the period during which the Debtors have the exclusive right to file a chapter 11 plan (the "**Exclusive Filing Period**") for ninety days, through and including September 24, 2018 and (b) an extension of the period during which the Debtors have the exclusive right to solicit acceptances thereto (the "**Exclusive Solicitation Period**" and, together with the Exclusive Filing Period, the "**Exclusive Periods**")

for ninety days, through and including November 23, 2018. The First Exclusivity Motion was granted by order entered on June 18, 2018 [Docket No. 183].

5. On July 3, 2018, the Debtors filed their Joint Chapter 11 Plan of Liquidation [Docket No. 210] and a proposed disclosure statement in connection therewith [Docket No. 211]. On July 24, 2018, the Debtors filed their Amended Joint Chapter 11 Plan of Liquidation [Docket No. 232] and a proposed disclosure statement in connection therewith [Docket No. 233]. On August 20, 2018, the Debtors filed their Second Amended Joint Chapter 11 Plan of Liquidation [Docket No. 279] and a proposed disclosure statement in connection therewith [Docket No. 280]. On October 30, 2018, the Debtors filed their Third Amended Joint Chapter 11 Plan of Liquidation [Docket No. 341] and a proposed disclosure statement in connection therewith [Docket No. 342]. On November 19, 2018, the Debtors filed the Plan, along with a Disclosure Statement [Docket No. 376] which was approved by order [Docket No. 381] entered on November 26, 2018.

6. The Plan confirmation hearing was originally scheduled for December 21, 2019. The Debtors requested and were granted a continuance of the confirmation hearing to January 16, 2019, to allow additional time for the Debtors to receive a deposit from their stalking horse bidder. The solicitation of votes on the Plan was completed. Unfortunately, however, notwithstanding the addition three week period, the stalking horse bidder never posted the deposit.

7. Shortly before the January 16 hearing, the Debtors were advised that a group of A-3 and A-4 investors (the "**Investor Group**") is preparing a bid for the purchase of substantially all the Debtors' assets, including the real property, plant and equipment comprising the Debtors' manufacturing facility, as well as the JSAT Interest. Because this bid could

potentially generate a much better return for creditors than a transfer of the assets to a liquidating trust, the Debtors requested a further continuance of the Plan confirmation hearing, which is now scheduled for February 12, 2019.

8.  While the Debtors have made every effort to move the Plan process along expeditiously, they have encountered numerous obstacles and delays.  Given the latest turn of events, the Debtors will not be able to confirm a plan before the Exclusive Solicitation Period expires on January 22, 2019.  Accordingly, the Debtors are now seeking an additional sixty (60) day extension of the Exclusive Solicitation Period, through and including March 23, 2019.

**Relief Requested**

9.  By this Third Exclusivity Motion, the Debtors seek entry of an order pursuant to section 1121(d) of the Bankruptcy Code extending the Exclusive Solicitation Period for an additional sixty (60) days, through and including March 23, 2019.   This is the Debtors' third request for an extension of this deadline.  The Debtors also request that such extension be without prejudice to their rights to request further extensions or seek other appropriate relief.

**Basis for Relief**

10.  Section 1121(b) of the Bankruptcy Code provides an initial Exclusive Filing Period of 120 days after the commencement of a chapter 11 case. Section 1121(c)(3) of the Bankruptcy Code provides that, if a debtor files a plan within the Exclusive Filing Period, then it has an initial Exclusive Solicitation Period of 180 days after the commencement of its chapter 11 case to solicit acceptances of such plan.  The Exclusive Solicitation Period was originally set to expire on September 24, 2018.  It has been extended twice by Court order, initially through and including November 23, 2018 and subsequently through and including

January 22, 2019. Section 1121(d) permits the Court to extend the Exclusive Periods "for cause."

11. The Bankruptcy Code does not define "cause" with respect to motions to extend exclusivity. However, the following factors have routinely been considered by courts in determining whether cause exists for granting an extension:

    (i) the size and complexity of the debtor's case;

    (ii) the necessity of sufficient time to negotiate and prepare adequate information;

    (iii) the existence of good-faith progress toward reorganization;

    (iv) whether the debtor is paying its bills as they come due;

    (v) whether the debtor has demonstrated reasonable prospects for filing a viable plan;

    (vi) whether the debtor has made progress negotiating with creditors;

    (vii) the length of time a case has been pending;

    (viii) whether the debtor is seeking to extend exclusivity to pressure creditors "to accede to [the debtors'] reorganization demands;" and

    (ix) the existence of an unresolved contingency.

*In re Adelphia Commc'ns Corp.*, 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006) (listing all nine factors) (*citing In re DowCorning Corp.*, 208 B.R. 661, 664 (Bankr. E.D. Mich. 1997)). *See also In re Central New Jersey Airport Servs.*, 282 B.R. 176, 184 (Bankr. D.N.J. 2002).

12. Because not all factors are relevant to every case, courts have found "cause" to extend exclusivity based on various combinations of these factors, as well as others. *See, e.g., Rinehart v. Hoffinger Indus., Inc.* (*In re Hoffinger Indus., Inc.*), 292 B.R. 639, 644 (B.A.P. 8th Cir. 2003) ("It is within the discretion of the bankruptcy court to decide which factors are relevant and give appropriate weight to each.").

13. An examination of these factors demonstrates that an extension of the Exclusive Periods is warranted. First, an extension is appropriate because, of the intricacies of formulating a plan for the Debtors. While the Debtors are U.S. entities, the Debtors' most valuable asset is a joint venture interest in Jiangsu Saleen Automotive Technologies, Co., Ltd., a Chinese limited company ("**JSAT**"). In order to monetize the JSAT interest, the Debtors must formulate a plan which not only satisfies creditors but also complies with Chinese securities laws. In addition, the Debtors must be mindful of any USCIS regulations which may come into effect due to the various EB-5 investors holding claims in these cases. These issues are proving to be formidable (though not insurmountable) obstacles to confirmation.

14. Second, an extension is appropriate because the Debtors have made good faith progress toward a plan. The Debtors mailed solicitation packages to all creditors, investors, and parties in interest on November 27, 2018. The Debtors have received ballots and are prepared to move forward with confirmation of the Plan under "Scenario Two" (as defined in the Plan) should the Investor Group not present the Debtors with a viable bid.

15. Third, the Debtors are paying their bills as they come due. The Debtors receive income from Saleen Automotive, Inc., based on engineering services provided to JSAT. The Debtors also recently filed a motion seeking authorization to enter into a post-petition financing arrangement with the Investor Group [Docket No. 450], which would provide the Debtors with enough liquidity (based on budget projections) to operate through March. The Debtors are current on all tax obligations and U.S. Trustee fees.

16. Finally, the Debtors do not seek an extension in order to pressure creditors into accepting the Plan. The balloting process is already complete. Rather, the Debtors seek an extension in order to obtain the best deal possible for the sale of its assets for the benefit

of the creditors and the estate and to continue to negotiate in good faith with the creditors to achieve confirmation. A third extension of the Exclusive Solicitation Period is appropriate and warranted under these circumstances.

WHEREFORE, the Debtors request that the Court enter an order, substantially in the form attached hereto as Exhibit A, extending the Debtor's Exclusive Solicitation Period through and including March 23, 2019 and granting such other relief as may be just and proper.

Dated: January 18, 2019

Respectfully submitted,

*/s/ Kristen E. Burgers*
Kristen E. Burgers (VSB No. 67997)
HIRSCHLER FLEISCHER
8270 Greensboro Drive, Suite 700
Tysons, Virginia 22102
Telephone:    (703) 584-8900
Facsimile:    (703) 584-8901
Email:        kburgers@hf-law.com

*/s/ Mark S. Lichtenstein*
Mark S. Lichtenstein (Admitted pro hac vice)
Crowell & Moring LLP
590 Madison Avenue, 20th Floor
New York, New York 10022
Telephone:    (212) 223-4000
Facsimile:    (212) 223-4001
Email:        mlichtenstein@crowell.com

*Co-Counsel to the Debtors*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 18th day of January, 2019, a copy of the foregoing Debtors' Third Motion for Entry of an Order Pursuant to Bankruptcy Code Section 1121(d) Extending the Debtors' Exclusive Period to Solicit Acceptances to their Chapter 11 Plan and a proposed form of order thereon were served via this Court's CM/ECF electronic filing service upon all parties entitled to receive notice thereby.

*/s/ Kristen E. Burgers*
Kristen E. Burgers

10878459.2  043227.00001