# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| GreenTech Automotive, Inc., <u>et al.</u>[1] | ) | Case No. 18-10651 |
| | ) | Jointly Administered |
| Debtor | ) | |

**ORDER GRANTING CERTAIN OF THE RELIEF REQUESTED IN THE DEBTORS' MOTION FOR AN ORDER (I) AUTHORIZING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS; (II) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES; (III) APPROVING CERTAIN DEADLINES AND THE FORM, MANNER AND SUFFICIENCY OF NOTICE; AND (IV) GRANTING OTHER RELATED RELIEF**

Upon consideration of the motion (the "**Bid Procedures Motion**")[2] filed by GreenTech Automotive, Inc. ("**GTA**") and WM Industries Corp. ("**WMIC,**" together with GTA, the "**Debtors**"), the debtors and debtors-in-possession herein, for entry of an Order: (I) Authorizing the Sale of Substantially all of the Debtors' Assets; (II) Authorizing the Assumption and Assignment of Executory Contracts and Unexpired Leases; (III) Approving

---

[1] The Debtors in these jointly administered chapter 11 cases are GreenTech Automotive, Inc. (Case No. 18-10651), WM Industries Corp. (Case No. 18-10652), Gulf Coast Funds Management, LLC (Case No. 18-10653), American Immigration Center, LLC (Case No. 18-10654), GreenTech Automotive Capital A-3 GP, LLC (Case No. 18-10655), and GreenTech Automotive Partnership A-3, L.P. (Case No. 18-10656).

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such term in the Bid Procedures Motion

Kristen E. Burgers (VSB No. 67997)
HIRSCHLER
8270 Greensboro Drive, Suite 700
Tysons, Virginia 22102
Telephone:        (703) 584-8900
Facsimile:  (703) 584-8901
Email:  kburgers@hirschlerlaw.com

*Co-Counsel to the Debtors*

Mark S. Lichtenstein (Admitted pro hac vice)
Crowell & Moring LLP
590 Madison Avenue, 20th Floor
New York, New York 10022
Telephone:  (212) 223-4000
Facsimile:  (212) 223-4001
Email:  mlichtenstein@crowell.com

*Co-Counsel to the Debtors*

Certain Deadlines and the Form, Manner and Sufficiency of Notice; and (IV) Granting Other Relief;[3] and it appearing that the Court has jurisdiction over the Bid Procedures Motion pursuant to 28 U.S.C. §§ 157 and 134; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having considered the Bid Procedures Motion; and it appearing that the relief requested in the Bid Procedures Motion is in the best interests of the Debtors' bankruptcy estates, their creditors and other parties-in-interest, and after due deliberation and sufficient cause appearing therefor:

 **THE COURT HEREBY MAKES THE FOLLOWING FINDINGS**:

A.      The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent that any of the following findings of fact constitute conclusions of law, and to the extent that any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.      This Court has jurisdiction to consider the Bid Procedures Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b).  Venue of the Debtors' Chapter 11 cases in this District is proper under 28 U.S.C. §§ 1408 and 1409.

C.      The Debtors' proposed notice of the Bid Procedures Motion, the Bidding Procedures, the Bidding Procedures Hearing and the proposed entry of this Order is: (i) appropriate and reasonably calculated to provide all interested parties with timely and proper notice; (ii) in compliance with all applicable requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules; and (iii) adequate and sufficient under the circumstances

---

3 The Bid Procedures Motion also requests entry of an order approving the sale of the Assets to the Purchaser pursuant to Sections 363 and 365 of the Bankruptcy Code.  The Court will consider that requested relief at the Sale Hearing and nothing in this Order shall be construed as a disposition of the Debtors' requested relief under Sections 363 and 365 of the Bankruptcy Code.

of these Chapter 11 cases, and no other or further notice is required.  A reasonable opportunity to object or be heard regarding the relief requested in the Bid Procedures Motion (including, without limitation, with respect to the Bidding Procedures and payment of the Break-Up Fee and Expense Reimbursement) has been afforded to all interested persons and entities, including, but not limited to, the Notice Parties.

D.    Any objections to the relief requested in the Bid Procedures Motion that have not been withdrawn, waived or settled as announced to the Court at any hearing on the Bid Procedures Motion or by stipulation filed with the Court, are overruled.

E.    The Bid Procedures attached hereto as <u>Exhibit 1</u> are fair, reasonable and appropriate under the circumstances of these Chapter 11 cases and are designed to maximize creditor recoveries from a sale of the Assets.  The Bid Procedures are designed to ensure that the Auction is conducted in a fair, timely and orderly manner.

F.    The Bidding Procedures and the APA were each negotiated in good faith and at arms'-length between the Debtors and the Stalking Horse Bidder.  The Debtors, in the exercise of their business judgment, have determined that the APA represents the highest or otherwise best offer that the Debtors have received to date for the Assets.  The process for selecting the Stalking Horse Bidder was fair and appropriate under the circumstances and in the best interests of the Debtors' estates.

G.    The Debtors have demonstrated a compelling and sound business justification for the Bankruptcy Court to enter this Order and, thereby: (i) approve the Bidding Procedures as contemplated by the APA and the Bid Procedures Motion; (ii) authorize the Break-Up Fee and Expense Reimbursement, under the terms and conditions set forth in the APA and the Bidding Procedures; (iii) set the dates of the Bid Deadline, Auction (if needed), Sale Hearing and other

deadlines set forth in the Bid Procedures Motion and the Bidding Procedures; and (iv) approve the forms of notice.  Such compelling and sound business justification, as set forth in the Bid Procedures Motion and on the record at the Bidding Procedures Hearing, are incorporated herein by reference and, among other things, form the basis for the findings of fact and conclusions of law set forth herein.

H.      The Stalking Horse Bid Protections, as approved by this Order, are fair and reasonable and provide a benefit to the Debtors' estates and stakeholders.

I.      If triggered in accordance with the terms of the APA, the payment of the Stalking Horse Bid Protections, under this Order and upon the conditions set forth in the APA and the Bidding Procedures, is:  (i) an actual and necessary cost of preserving the Debtors' estates within the meaning of Sections 503(b) and 507(a) of the Bankruptcy Code; (ii) reasonably tailored to encourage, rather than hamper, bidding for the Assets, by providing a baseline of value, increasing the likelihood of competitive bidding at the Auction, and facilitating participation of other bidders in the sale process, thereby increasing the likelihood that the Debtors will receive the best possible price and terms for the Assets under the circumstances of this case; (iii) of substantial benefit to the Debtors' estates and stakeholders and all parties in interest herein; (iv) reasonable and appropriate; (v) a material inducement for, and condition necessary to ensure that, the Stalking Horse Bidder will continue to pursue its proposed agreement to purchase the Assets; and (vi) reasonable in relation to the Stalking Horse Bidder's efforts and to the magnitude of the Sale and the Stalking Horse Bidder's lost opportunities resulting from the time spent pursuing such transaction.

J.      The legal and factual bases set forth in the Bid Procedures Motion establish just cause for the relief granted herein.  Entry of this Order is in the best interests of the Debtors and their estates, creditors, interest holders and all other parties in interest.

K.      The Sale and Bid Procedures Notice, in the form attached hereto as <u>Exhibit 2</u>, provides adequate notice concerning the proposed sale of the Assets, as contemplated in the Bid Procedures Motion, and provides due and adequate notice of the relief sought in the Bid Procedures Motion.

L.      The entry of this Order is in the best interest of the Debtors' bankruptcy estates, their creditors and other parties-in-interest.

**ACCORDINGLY, THE COURT HEREBY ORDERS AS FOLLOWS**:

1.      The relief requested in the Bid Procedures Motion is granted as set forth herein.

2.      Any objections filed in response to the Bid Procedures Motion and the relief granted herein, to the extent not resolved as set forth herein or at the Bidding Procedures Hearing, are hereby overruled in all respect on the merits.

3.      The Bidding Procedures, in substantially the form attached hereto as <u>Exhibit 1</u>, are approved and fully incorporated into this Order and the Debtors are authorized, but not directed, to act in accordance therewith.  The failure to specifically include a reference to any particular provision of the Bidding Procedures in this Order shall not diminish or impair the effectiveness of such provision.  Any party desiring to submit a Bid shall comply with the Bidding Procedures and this Order.  The Debtors are authorized to take any and all actions necessary to implement the Bidding Procedures.

4.      Subject to final Court approval at the Sale Hearing, the Debtors are authorized to enter into the Stalking Horse Agreement with the Stalking Horse Bidder.

5.      <u>Deposit Deadline</u>.   Encore Wealth Investments Limited (the "**Stalking Horse Bidde**r") is hereby authorized and directed to post the Deposit by no later than 5:00 p.m. (Eastern time) on April 8, 2019, with a financial institution in the United States subject to an escrow arrangement pursuant to which such Deposit shall (a) be applied to the purchase price if all conditions to closing have been satisfied or waived by the Stalking Horse Bidder or (b) returned to Stalking Horse Bidder if the conditions precedent to closing have not been satisfied and the Stalking Horse Bidder is not in default.

6.      <u>Supplemental Materials Deadline</u>.   The Debtor and/or Stalking Horse Bidder are hereby directed to file with the Court no later than 5:00 p.m. (Eastern time) on April 8, 2019: (i) the executed Asset Purchase Agreement, including all necessary schedules or exhibits, which include, a schedule allocating the Purchase Price to the Assets and, to the extent required by provisions of the Asset Purchase Agreement, a draft  Amended and Restated Limited Partnership Agreement of GreenTech Automotive A-3, L.P., and (ii) the proposed language with respect to the treatment of immigration issues under a plan of liquidation to be filed after the sale.

7.      <u>Qualified Bidder Deadline</u>.   April 3, 2019 at 5:00 p.m. (Eastern time) shall be the deadline for interested parties to submit proof of Qualified Bidder qualifications as required by the Bid Procedures.

8.      <u>Bid Deadline</u>.   April 10, 2019 at 5:00 p.m. (Eastern time) is the deadline by which Bids (as well as the Deposit) must be submitted in accordance with the terms of the Bidding Procedures.

9.      <u>Auction</u>.   April 11, 2019 at 1:00 p.m. (Eastern time) is the date and time of the Auction, if any, which will be held at the offices of Hirschler, 8270 Greensboro Drive, Suite 700,

Tysons, VA 22102.  The Debtors shall send written notice of the date, time, and place of the Auction to all Qualified Bidders.

10.    <u>Sale Objections</u>.  Objections to the Sale Order, the Stalking Horse Bidder, or the Sale to the Stalking Horse Bidder or the Winning Bidder must (a) be in writing, (b) state, with specificity, the legal and factual bases thereof, (c) be filed with the Court by no later than 5:00 p.m. (Eastern time) on April 12, 2019 (the "**Sale Objection Deadline**"), and (d) be served on (i) counsel for the Debtor, Crowell & Moring LLP, 590 Madison Avenue, 20th Floor, New York, NY 10022, attn.: Mark S. Lichtenstein (mlichtenstein@crowell.com) and Hirschler, 8270 Greensboro Drive, Suite 700, Tysons, VA 22102, attn.: Kristen Burgers (kburgers@hirschlerlaw.com), (ii) counsel for the Stalking Horse Bidder, Squire Patton Boggs (US) LLP, 2550 M Street, NW, Washington, DC 20037, attn.:  Jeffrey N. Rothleder (jeffrey.rothleder@squirepb.com)    and    Christopher    J.    Giaimo (christopher.giaimo@squirepb.com), and (iv) the Office of the U.S. Trustee, 115 South Union Street, Suite 210, Alexandria, VA 22314, attn:  Joseph A. Guzinski.

11.    <u>Sale Hearing</u>.  The Sale Hearing shall be held in the United States Bankruptcy Court for the Eastern District of Virginia, 200 S. Washington St, Alexandria, VA 22314, Courtroom I, at 1:30 p.m. (Eastern time) on April 16, 2019, or such other date and time that the Court may later direct; *provided*, *however*, that the Sale Hearing may be adjourned, from time to time, without further notice to creditors or parties in interest other than by announcement of the adjournment in open Court or on the Court's docket.  If the Debtors do not receive a Qualified Bid by the Bid Deadline from a party other than the Stalking Horse Bidder, which is deemed a Qualified Bidder, the Auction shall be cancelled.  If the Debtors receive one or more Qualified

Bids from a party other than the Stalking Horse Bidder, the Debtors will conduct the Auction in accordance with the Bidding Procedures.

12.    As soon as practicable after conclusion of the Auction, if any, but no later than 12:00 p.m. (Eastern time) on April 15, 2019, the Debtor shall file a form of order approving the Sale as agreed upon between the Debtor and the Winning Bidder.

13.    The proposed sale of the Assets and the Auction shall be conducted in accordance with the provisions of this Bid Procedures Order and the Bid Procedures.

14.    The Sale and Bid Procedures Notice attached hereto as Exhibit 2 provides proper notice to the applicable parties-in-interest and is hereby approved.

15.    On or before March 15, 2019, or as soon as reasonably practicable thereafter, the Debtors shall serve the Sale Notice by first-class mail upon: (i) the Office of the United States Trustee for the Eastern District of Virginia (the "**U.S. Trustee**"); (ii) all known creditors of the Debtors; (iii) counsel to the Stalking Horse Bidder, Squire Patton Boggs (US) LLP; (iv) the Internal Revenue Service; (v) all applicable state and local taxing authorities; (vi) all potential buyers previously identified or solicited by the Debtors, if any, and any additional parties who have previously expressed an interest to the Debtors or the Debtors' advisors in potentially acquiring the Assets; (vii) to the extent not already included above, all known potential creditors, including all parties-in-interest listed on the Debtors' creditor matrix; and (viii) all such other entities as may be required by applicable Bankruptcy Rules or applicable Local Rules or as may be reasonably requested by the Stalking Horse Bidder (collectively, the "**Sale Notice Parties**").

16.    Service of the Sale Notice on the Sale Notice Parties in the manner described in this Order constitutes good and sufficient notice of the Auction and the Sale Hearing.  No other or further notice is required.

17.     Pursuant to Sections 105, 363, 364, 503 and 507 of the Bankruptcy Code, the Debtors are hereby authorized and directed, without further order of the Court, subject to the satisfaction of the Stalking Horse Bid Protections' Conditions (as defined below), to (i) pay a fee in an amount of three percent (3.0%) of the Purchase Price (the "**Break Up Fee**"), and (ii) reimbursement in an amount up to two percent (2.0%) of the Purchase Price for the actual, reasonable and documented out-of-pocket costs, fees and expenses of the Stalking Horse Bidder (including actual, reasonable and documented out-of-pocket costs, fees and expenses of legal, financial advisory, accounting and other similar costs, fees and expenses) related to the Transactions contemplated by the Stalking Horse Agreement (the "**Expense Reimbursement**") to the Stalking Horse Bidder in accordance with the terms of the APA.  The Break Up Fee and Expense Reimbursement shall only be payable if the conditions to payment of such amounts set forth in the APA have been satisfied (collectively, the "**Stalking Horse Bid Protections' Conditions**").  In the event the Expense Reimbursement is payable to the Stalking Horse Bidder, the Stalking Horse Bidder shall provide documentation of the expenses for which it seeks reimbursement to counsel for the Debtors.  The obligations of the Debtors to pay the Stalking Horse Bid Protections (i) shall constitute an administrative expense of the Debtors' estates pursuant to Sections 503(b) and 507(a) of the Bankruptcy Code, (ii) shall survive the termination of the Stalking Horse Agreement and (iii) shall be payable without further Order from this Court.

18.     The Stalking Horse Bidder is deemed a Qualified Bidder for all purposes, and the Stalking Horse Bid, as set forth in the Stalking Horse Agreement, is deemed a Qualified Bid.

19.     No person or entity, other than the Stalking Horse Bidder, shall be entitled to the Expense Reimbursement and/or a Break Up Fee as approved by this Order or any other expense reimbursement, breakup fees, "topping," termination, or other similar fee or payment, and by

submitting a Bid, such person or entity is deemed to have waived their right to request or file with this Court any request for expense reimbursement or any fee of any nature, whether by virtue of Section 503(b) of the Bankruptcy Code or otherwise.

20.     Compliance with the foregoing notice provisions shall constitute sufficient notice of the Debtors' proposed sale of the Assets free and clear of all liens, claims, interests and encumbrances, and no additional notice of such contemplated transactions need be given.

21.     Notwithstanding any other provision of this Order, nothing herein shall constitute a finding or determination of any fact or an adjudication of any issue regarding or related to the ownership, possession, bailment or location, direct or indirect, of the Debtors' Assets, nor regarding the extent validity and priority of any liens, claims or encumbrances thereon, including, without limitation, the Debtors' interests in JSAT and the MyCar intellectual property, and how and where such interests are held.

22.     Notwithstanding any other provision of this Order, nothing herein shall constitute a grant of a third-party release or bind any creditor or investor herein to the granting of a third party release.

23.     Notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise, the terms and conditions of this Bid Procedures Order shall be immediately effective and enforceable upon entry, and no automatic stay of effectiveness shall apply to this Bid Procedures Order.

24.     The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Bid Procedures Order.

Dated:  Mar 18 2019 _____

/s/ Brian F. Kenney _____

United States Bankruptcy Judge

Entered on Docket:  Mar 19 2019 _____

We ask for this:

/s/ Kristen E. Burgers _____
Kristen E. Burgers (VSB No. 67997)
HIRSCHLER
8270 Greensboro Drive, Suite 700
Tysons, Virginia 22102
Telephone:  (703) 584-8900
Facsimile:  (703) 584-8901
Email:  kburgers@hirschlerlaw.com

/s/ Mark S. Lichtenstein _____
Mark S. Lichtenstein (Admitted pro hac vice)
Crowell & Moring LLP
590 Madison Avenue, 20th Floor
New York, New York 10022
Telephone:  (212) 223-4000
Facsimile:  (212) 223-4001
Email:  mlichtenstein@crowell.com

Co-counsel to the Debtors

SEEN AND NO OBJECTION:

/s/ Joseph A. Guzinski _____
Joseph A. Guzinski
Office of the United States Trustee
115 South Union Street, Suite 210
Alexandria, Virginia 22314

*/s/ Jeffrey Rothleder*

Christopher J. Giaimo (Admitted pro hac vice)
Jeffrey Rothleder (VSB No. 91468)
Squire Patton Boggs (US) LLP
2550 M Street, NW
Washington, DC 20037
Telephone: (202) 457-6000
Facsimile: (202) 457-6315
Email: jeffrey.rothleder@squirepb.com
        christopher.giaimo@squirepb.com

SEEN AND OBJECTED TO:

*/s/ George R. Pitts*

George R. Pitts (VSB No. 24978)
Rubin & Rudman LLP
800 Connecticut Avenue, NW
Washington, DC 20006
Telephone:  (240) 356-1566
Email:        gpitts@rubinrudman.com

## LOCAL RULE 9022-1(C) CERTIFICATION

I hereby certify that this form of order has been endorsed by and/or served upon all necessary parties pursuant to Local Bankruptcy Rule 9022-1(C).

*/s/ Kristen E. Burgers*
Kristen E. Burgers

Copies to:

Mark S. Lichtenstein
Crowell & Moring LLP
590 Madison Avenue, 20th Floor
New York, New York 10022

NYACTIVE 17004019 v.2

Kristen E. Burgers
Hirschler Fleischer
8270 Greensboro Drive, Suite 700
Tysons, Virginia 22102

Joseph A. Guzinski
Office of the United States Trustee
115 South Union Street, Suite 210
Alexandria, Virginia 22314

<div align="right">

**<u>EXHIBIT 1</u>**

</div>

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| GreenTech Automotive, Inc., <u>et al.</u>[4] | ) | Case No. 18-10651 |
| | ) | Jointly Administered |
| Debtor. | ) | |

## <u>BID PROCEDURES</u>

1.      These bid procedures (the "**Bid Procedures**") shall govern the process by which GreenTech Automotive, Inc. and WM Industries Corp., the debtors and debtors in possession herein (together, the "**Debtors**"), shall sell substantially all of their assets (as more fully described herein, the "**Assets**").

2.      On March [•], 2019, the United States Bankruptcy Court for the Eastern District of Virginia, Alexandria Division (the "**Bankruptcy Court**") entered its order (the "**Bid Procedures Order**") (A) Approving Bid Procedures for the Sale of the Debtors' Assets, (B) Authorizing an Auction, (C) Approving Certain Deadlines and the Form, Manner and Sufficiency of Notice, and (D) Granting Other Related Relief.

---

[4]  The Debtors in these jointly administered chapter 11 cases are GreenTech Automotive, Inc. (Case No. 18-10651), WM Industries Corp. (Case No. 18-10652), Gulf Coast Funds Management, LLC (Case No. 18-10653), American Immigration Center, LLC (Case No. 18-10654), GreenTech Automotive Capital A-3 GP, LLC (Case No. 18-10655), and GreenTech Automotive Partnership A-3, L.P. (Case No. 18-10656).

Kristen E. Burgers (VSB No. 67997)
HIRSCHLER
8270 Greensboro Drive, Suite 700
Tysons, Virginia 22102
Telephone:              (703) 584-8900
Facsimile:  (703) 584-8901
Email:  kburgers@hirschlerlaw.com

*Co-Counsel to the Debtors*

Mark S. Lichtenstein (Admitted pro hac vice)
Crowell & Moring LLP
590 Madison Avenue, 20th Floor
New York, New York 10022
Telephone:  (212) 223-4000
Facsimile:  (212) 223-4001
Email:  mlichtenstein@crowell.com

*Co-Counsel to the Debtors*

**EXHIBIT 1**

3.      Interested parties requesting information about these Bid Procedures, the qualification process or due diligence should contact the Debtors' counsel as follows:

| | |
|---|---|
| Kristen E. Burgers | Mark S. Lichtenstein |
| Hirschler | Crowell & Moring LLP |
| 8270 Greensboro Drive, Suite 700 | 590 Madison Avenue, 20th Floor |
| Tysons, Virginia 22102 | New York, New York 10022 |
| Telephone:      (703) 584-8900 | Telephone:  (212) 223-4000 |
| Facsimile:  (703) 584-8901 | Facsimile:  (212) 223-4001 |
| Email:  kburgers@hirschlerlaw.com | Email:  mlichtenstein@crowell.com |

4.      The Debtors shall consult with their counsel on appropriate matters, including, without limitation, (i) determining whether a potential bidder is a Qualified Bidder; (ii) negotiating one or more agreement(s) with one or more Qualified Bidder(s); (iii) the auction of the Assets pursuant to these Bid Procedures (the "**Auction**"), (iv) selecting the Successful Bidder and Backup Bidder at the Auction; and (v) modifying or amending the Bid Procedures.

## THE ASSETS AND SALE TERMS

5.      The Assets include the following: (i) all real and personal property owned by GTA, including the Mississippi Parcel,  (ii) the JSAT Interest, (iii) litigation claims, if any, that exist, and have not been settled or released, as of the Closing Date (as defined in the APA), excluding avoidance actions pursuant to Chapter 5 of the Bankruptcy Code, (the "**Litigation Claims**"), (iv) all assets of Gulf Coast Funds Management, LLC, a Louisiana limited liability

Kristen E. Burgers (VSB No. 67997)
HIRSCHLER
8270 Greensboro Drive, Suite 700
Tysons, Virginia 22102
Telephone:              (703) 584-8900
Facsimile:  (703) 584-8901
Email:  kburgers@hirschlerlaw.com

*Co-Counsel to the Debtors*

Mark S. Lichtenstein (Admitted pro hac vice)
Crowell & Moring LLP
590 Madison Avenue, 20th Floor
New York, New York 10022
Telephone:  (212) 223-4000
Facsimile:  (212) 223-4001
Email:  mlichtenstein@crowell.com

*Co-Counsel to the Debtors*

<u>**EXHIBIT 1**</u>

company (the "**GCFM Assets**"), which is a wholly owned subsidiary of WMIC, and (v) all

Accounts Receivable, Intellectual Property, Intellectual Property Licenses (all as defined in the

APA) and all other tangible or intangible assets of the Debtors (the "**Other Assets**").  The

Mississippi Parcel, JSAT Interest, Litigation Claims, and GCFM Assets, and the Other Assets

are collectively referred to as the "**Assets**".  These Bid Procedures will govern the sale of the

Assets.

6.       The sale of the Assets shall be on an "as is," "where is," and "with all faults"

basis and without representations or warranties of any kind, nature or description by the Debtors,

its agents, or estates except as may be agreed by the Debtors subject to the approval of the

Bankruptcy Court.

7.       Subject to the Bankruptcy Court's approval, all of the Debtors' right, title and

interest in and to the Assets shall be sold free and clear of all pledges, liens, security interests,

encumbrances, claims, charges, options and interests thereon and there against (collectively, the

"**Interests**") subject to and in accordance with Sections 363, 365 and 1123 of the Bankruptcy

Code, with such Interests to attach in the same amount, nature, extent and priority to the

proceeds of the sale of the Assets, unless such Interests are assumed by the purchaser.

Kristen E. Burgers (VSB No. 67997)
HIRSCHLER
8270 Greensboro Drive, Suite 700
Tysons, Virginia 22102
Telephone:              (703) 584-8900
Facsimile:  (703) 584-8901
Email:  kburgers@hirschlerlaw.com

*Co-Counsel to the Debtors*

Mark S. Lichtenstein (Admitted pro hac vice)
Crowell & Moring LLP
590 Madison Avenue, 20th Floor
New York, New York 10022
Telephone:  (212) 223-4000
Facsimile:  (212) 223-4001
Email:  mlichtenstein@crowell.com

*Co-Counsel to the Debtors*

<div align="right"><u>**EXHIBIT 1**</u></div>

**DUE DILIGENCE**

8.      Prior to the Auction, the Debtors shall afford any potential bidder the opportunity to conduct reasonable due diligence review.   The Debtors shall provide all potential bidders certain information in connection with the proposed sale, including, but not limited to, these proposed Bid Procedures and a copy of the Asset Purchase Agreement (the "**APA**") executed by Encore Wealth Investments Limited, a British Virgin Island company (the "**Purchaser**" or "**Stalking Horse**").  Promptly after approval of the Bid Procedures, the Debtors shall establish a virtual data room containing, among other things, all due diligence material made available to, or generated by, Purchaser prior to execution of the APA.   Should any potential bidder wish to access information in addition to the Bid Procedures and the APA, such potential bidder will (if it has not previously done so) be required to enter into a confidentiality agreement reasonably satisfactory to the Debtors.  Upon execution of the confidentiality agreement, the potential bidder shall be given access to the virtual data room containing various financial data and other relevant and confidential information.   The Debtors shall provide all additional due diligence that is reasonably requested and, to the extent the Debtors furnish any such potential bidder with any due diligence materials that are not already available in the virtual data room, the Debtors shall promptly add such information to the virtual data room for the benefit of all such potential

Kristen E. Burgers (VSB No. 67997)
HIRSCHLER
8270 Greensboro Drive, Suite 700
Tysons, Virginia 22102
Telephone:              (703) 584-8900
Facsimile:  (703) 584-8901
Email:  kburgers@hirschlerlaw.com

*Co-Counsel to the Debtors*

Mark S. Lichtenstein (Admitted pro hac vice)
Crowell & Moring LLP
590 Madison Avenue, 20th Floor
New York, New York 10022
Telephone:  (212) 223-4000
Facsimile:  (212) 223-4001
Email:  mlichtenstein@crowell.com

*Co-Counsel to the Debtors*

**EXHIBIT 1**

bidders and Purchaser.  The Debtors will afford to each such potential bidder and Purchaser access to the Mississippi Parcel for inspection purposes.

9.      The Debtors and their professionals do not represent or warrant the accuracy or veracity of any information that they provide to potential bidders in connection with due diligence; *provided*, *however*, that the Debtors and their professionals represent and warrant that they have made good faith efforts to ensure that information provided to potential bidders is accurate and complete.

## DETERMINATIONS BY DEBTORS

10.     The Debtors are authorized (i) to determine whether any potential bidder is a Qualified Bidder; (ii) to coordinate the efforts of potential bidders in conducting their respective due diligence investigations; and (iii) to receive bids from Qualified Bidders (collectively, the "**Bidding Process**").

## REQUIREMENTS OF "QUALIFIED BIDDER" STATUS

11.     Any potential bidder desiring to participate in the Bidding Process must be deemed a "Qualified Bidder" by the Debtors.  To be deemed a Qualified Bidder, on or before 5:00 p.m. (Eastern time) on April 3, 2019, such bidder must deliver to the Debtors and their professionals:

> (i)     written evidence of available cash, a commitment for financing or ability to timely obtain a satisfactory commitment if selected as the Successful Bidder (*provided*,

Kristen E. Burgers (VSB No. 67997)
HIRSCHLER
8270 Greensboro Drive, Suite 700
Tysons, Virginia 22102
Telephone:              (703) 584-8900
Facsimile:  (703) 584-8901
Email:  kburgers@hirschlerlaw.com

*Co-Counsel to the Debtors*

Mark S. Lichtenstein (Admitted pro hac vice)
Crowell & Moring LLP
590 Madison Avenue, 20th Floor
New York, New York 10022
Telephone:  (212) 223-4000
Facsimile:  (212) 223-4001
Email:  mlichtenstein@crowell.com

*Co-Counsel to the Debtors*

**EXHIBIT 1**

*however*, that the closing of the sale shall not be contingent in any way on the Successful Bidder's financing);

(ii)      a representation that the potential bidder has the financial wherewithal to consummate the transactions contemplated or otherwise provide such information that will allow the Debtors to make a reasonable determination as to the potential bidder's ability to perform;

(iii)      a stipulation or evidence that submission of the bid, execution, delivery and closing on the purchase of the Assets is duly authorized and the prospective bidder has all requisite approvals from its board of directors or comparable governing body; and

(iv)      a certified check or other good and verifiable funds in the amount of (i) Eight Hundred Thousand Dollars ($800,000.00), if bidding on all the Assets, or (ii) ten percent (10%) of the proposed purchase price, if bidding on less than all of the Assets (the "**Good Faith Deposit**").

For the avoidance of doubt, Purchaser shall be deemed a Qualified Bidder, and the APA shall be deemed a Qualified Bid as hereinafter defined, notwithstanding the provisions of paragraph 15(d), *infra*, and the Purchaser shall not be required to submit an additional Qualified Bid or any additional information or make an additional deposit.

12.      The Good Faith Deposits shall be held by an escrow agent to be designated by the Debtors.   All Good Faith Deposits shall be returned within seventy-two (72) hours of the selection of the Successful Bidder as set forth herein, except for the Good Faith Deposits submitted by the Successful Bidder and the Back-Up Bidder.   The Good Faith Deposits of the Successful Bidder and Back-Up Bidder shall be held in separate accounts established by the Debtors.   If the Successful Bidder (or the Back-Up Bidder) fails to consummate an approved

Kristen E. Burgers (VSB No. 67997)
HIRSCHLER
8270 Greensboro Drive, Suite 700
Tysons, Virginia 22102
Telephone:              (703) 584-8900
Facsimile:  (703) 584-8901
Email:  kburgers@hirschlerlaw.com

*Co-Counsel to the Debtors*

Mark S. Lichtenstein (Admitted pro hac vice)
Crowell & Moring LLP
590 Madison Avenue, 20th Floor
New York, New York 10022
Telephone:  (212) 223-4000
Facsimile:  (212) 223-4001
Email:  mlichtenstein@crowell.com

*Co-Counsel to the Debtors*

**EXHIBIT 1**

sale of the Assets because of a breach or failure to perform on the part of such Successful Bidder

(or Back-Up Bidder), such Successful Bidder's (or Back-Up Bidder's) Good Faith Deposit will

be held by the Debtors subject to the terms and conditions in paragraph 24 below.

13.    A Qualified Bidder that desires to make a bid for the Assets shall deliver written

and electronic copies of such bid to the Debtors and their professionals so as to be received by no

later than 5:00 p.m. (Eastern time) on April 10, 2019 (the "**Opening Bid Deadline**").

## REQUIREMENTS FOR A QUALIFIED BID

14.    A "Qualified Bid" is an offer to purchase the Assets that conforms, to the

Debtors' satisfaction (in consultation with their professionals), to the following requirements:

(a)    Identity of Offeror.  Discloses the identity of the offeror, including without
limitation the identity of the equity holders and sponsors of the offeror; *provided*, *however*, that,
if the offeror is a publicly traded company, the equity holders of such offeror need not be
disclosed.

(b)    Form.  Includes a clean, duly executed and binding purchase agreement
(an "**Agreement**"), together with all exhibits, schedules, and any ancillary agreements described
therein and a redline of its proposed purchase agreement compared against the APA.

(c)    Purchase Price.  Identifies the purchase price and how the purchase price
will be paid (*i.e.*, the dollar amount of each of the following:  cash, credit bid and/or assumption
of liabilities) at closing;

(d)    Minimum Cash.

a.    a potential bidder is bidding on all of the Assets, the purchase price
must include a minimum cash amount payable at closing in the amount
of at least Eight Million, Five Hundred Thousand Dollars
($8,500,000.00), which is equal to Cash Consideration of the bid

Kristen E. Burgers (VSB No. 67997)
HIRSCHLER
8270 Greensboro Drive, Suite 700
Tysons, Virginia 22102
Telephone:           (703) 584-8900
Facsimile:  (703) 584-8901
Email:  kburgers@hirschlerlaw.com

*Co-Counsel to the Debtors*

Mark S. Lichtenstein (Admitted pro hac vice)
Crowell & Moring LLP
590 Madison Avenue, 20th Floor
New York, New York 10022
Telephone:  (212) 223-4000
Facsimile:  (212) 223-4001
Email:  mlichtenstein@crowell.com

*Co-Counsel to the Debtors*

**EXHIBIT 1**

submitted by the Stalking Horse of $8,000,000.00, plus (i) the Break-Up Fee, (ii) Expense Reimbursement, and (iii) an initial minimum overbid increment of $100,000.00; or

b. If a potential bidder is bidding on less than all of the Assets, the purchase price must include a minimum cash amount payment at closing in the amount greater than the aggregate sum of (i) the Break-Up Fee, (ii) Expense Reimbursement, and (iii) an initial minimum overbid increment of $100,000.00.

(e)     <u>Assets and Liabilities</u>.  Identifies the acquired assets, excluded assets, assumed liabilities and retained liabilities, as applicable.

(f)     <u>Financing</u>.  Includes evidence to the satisfaction of the Debtors, in consultation with the Debtors' professionals, of the offeror's financial ability to consummate the transactions contemplated in the Agreement.

(g)     <u>Corporate Authority</u>.  Includes written evidence to the Debtors' satisfaction, in consultation with the Debtors' professionals, of the authorization and approval from the offeror's board of directors (or comparable governing body) with respect to the submission, execution, delivery and consummation of the Agreement.

(h)     <u>Closing</u>.  Confirms that, if selected as the Successful Bidder, the offeror will consummate and fund the Agreement in accordance with its terms by a date certain.

(i)     <u>Due Diligence</u>.  Acknowledges and represents that the offeror:  (i) has relied solely upon its own independent review, investigation and/or inspection of any documents and/or the Assets in making its offer; (ii) did not rely upon any written or oral statements, representations, promises, warranties or guaranties whatsoever, whether express or implied (by operation of law or otherwise), regarding the Assets or the completeness of any information provided in connection therewith or the Auction other than as provided in the Agreement; and (iii) with the exception of the Purchaser, is not entitled to any breakup fee or similar type of payment, and by submitting an Agreement, waives, and shall be deemed to waive, the right to pursue a substantial contribution claim under Section 503 of the Bankruptcy Code related in any way to the submission of its bid or the Bid Procedures.

(j)     <u>Earnest Money Deposit</u>.  Includes the Good Faith Deposit.

Kristen E. Burgers (VSB No. 67997)
HIRSCHLER
8270 Greensboro Drive, Suite 700
Tysons, Virginia 22102
Telephone:            (703) 584-8900
Facsimile:  (703) 584-8901
Email:  kburgers@hirschlerlaw.com

*Co-Counsel to the Debtors*

Mark S. Lichtenstein (Admitted pro hac vice)
Crowell & Moring LLP
590 Madison Avenue, 20th Floor
New York, New York 10022
Telephone:  (212) 223-4000
Facsimile:  (212) 223-4001
Email:  mlichtenstein@crowell.com

*Co-Counsel to the Debtors*

**EXHIBIT 1**

(k)    <u>No Collusion</u>.  By submitting a Qualified Bid, each such bidder shall be deemed to have confirmed that it has not engage in any collusive behavior with respect to the bidding or the Auction.  The Debtors reserve the right to have each Qualified Bidder re-confirm that it has not engaged in any collusive behavior with respect to the bidding or the Auction.

15.    The Debtors, in their discretion, in consultation with their professionals, may allow a Potential Bidder whose offer has failed to meet the requirements of a Qualified Bid additional time to cure any deficiencies.  Between the Opening Bid Deadline and the Auction, the Debtors may negotiate with or seek clarification from Qualified Bidders.  Each Qualified Bidder shall promptly provide to the Debtors any information reasonably required in connection with the evaluation of a Qualified Bid.  Without the consent of the Debtors, in consultation with their professionals, a Qualified Bidder may not amend, modify, or withdraw its Qualified Bid, except to increase the purchase price or otherwise improve the terms of the Qualified Bid to make them more favorable to the bankruptcy estate during the period that such Qualified Bid is required to remain irrevocable and binding.

**AUCTION**

16.    In the event that at least two (2) Qualified Bids (including the APA) are received by the Debtors by the Opening Bid Deadline, the Debtors will conduct an Auction.  The Auction, if any, shall be held at the law offices of Hirschler, 8270 Greensboro Drive, Suite 700, Tysons, VA 22101 at 1:00 p.m. (Eastern time) on April 11, 2019, notice of which shall be provided by

Kristen E. Burgers (VSB No. 67997)
HIRSCHLER
8270 Greensboro Drive, Suite 700
Tysons, Virginia 22102
Telephone:              (703) 584-8900
Facsimile:  (703) 584-8901
Email:  kburgers@hirschlerlaw.com

*Co-Counsel to the Debtors*

Mark S. Lichtenstein (Admitted pro hac vice)
Crowell & Moring LLP
590 Madison Avenue, 20th Floor
New York, New York 10022
Telephone:  (212) 223-4000
Facsimile:  (212) 223-4001
Email:  mlichtenstein@crowell.com

*Co-Counsel to the Debtors*

**EXHIBIT 1**

the Debtors in a subsequent notice to all Qualified Bidders.  The bidding shall start at the amount offered in the highest Qualified Bid as determined by the Debtors.

17.     In the event that there are no Qualified Bids submitted by the Bid Deadline other than the APA, the Debtors will not hold the Auction and instead shall request at the Sale Hearing that the Bankruptcy Court approve the APA.

18.     Except as otherwise determined by the Debtors in consultation with their professionals, only the (a) Debtors, (b) the Debtors' professionals, (c) the Office of the United States Trustee for Region Four, (d) Qualified Bidders, (e) any creditor of the Debtors that, at least five (5) business days prior to the Auction, delivers to Debtors' counsel (by mail or e-mail at the address or e-mail address identified hereinabove) a written request to attend the Auction, and (f) the respective professionals of the foregoing, shall be entitled to attend the Auction; provided that (*i*) the Debtors reserve the right to object to any request to attend the Auction made by a creditor pursuant to clause (e) immediately above, and (*ii*) if the Debtors and such creditor are unable to consensually resolve such objection promptly, the Debtors shall seek a teleconference with the Bankruptcy Court prior to the Auction to adjudicate such objection. Only Qualified Bidders are eligible to participate in the Auction.

19.     The Auction shall be governed by the following procedures:

a.     Qualified Bidders shall appear at the Auction in person, or through a duly authorized representative who has all requisite authority to legally bind such Qualified Bidder.

Kristen E. Burgers (VSB No. 67997)
HIRSCHLER
8270 Greensboro Drive, Suite 700
Tysons, Virginia 22102
Telephone:              (703) 584-8900
Facsimile:  (703) 584-8901
Email:  kburgers@hirschlerlaw.com

*Co-Counsel to the Debtors*

Mark S. Lichtenstein (Admitted pro hac vice)
Crowell & Moring LLP
590 Madison Avenue, 20th Floor
New York, New York 10022
Telephone:  (212) 223-4000
Facsimile:  (212) 223-4001
Email:  mlichtenstein@crowell.com

*Co-Counsel to the Debtors*

**EXHIBIT 1**

b.      The Debtors, in consultation with their professionals, may conduct the Auction in the manner that the Debtors determine, in their reasonable business judgment, will result in the Successful Bid that will maximize the overall value of the Assets to creditors and the Debtors' estates, and may adopt and modify rules for the Auction at the Auction that, in the Debtors' reasonable business judgment, in consultation with their professionals, will better promote the goals of the Auction and that are not materially inconsistent with any of the provisions of the Bid Procedures Order, the Bankruptcy Code, or any order of the Bankruptcy Court.  All such rules will provide that:  (i) the Auction procedures must be fairly and evenly administered, and not intended to cause any participating Qualified Bidder to be disadvantaged in any material way with respect to the process as compared to any other participating Qualified Bidder; and (ii) all participating Qualified Bidders (or their authorized representatives) shall be entitled to be present for all bidding and that the terms of each Qualified Bid shall be fully disclosed or available to all other Qualified Bidders throughout the entire Auction.  Each bid by a Qualified Bidder at the Auction, if not inconsistent with the provisions of these Bid Procedures, shall be deemed to constitute a Qualified Bid.

c.      The Debtors will arrange for the actual bidding at the Auction to be recorded by stenographic or video means.

d.      No later than one (1) hour prior to the commencement of the Auction, the Debtors, in consultation with their professionals, shall determine (i) the then-current highest or otherwise best bid (the "**Opening Bid**"); and (ii) the initial minimum overbid above the Opening Bid, which shall be in an amount not less than Eight Million Five Hundred Thousand Dollars ($8,500,000).

e.      The Auction will begin with the Opening Bid.  Subsequent to the initial round of bidding, the Auction may continue, in the discretion of the Debtors in consultation with their professionals, with one or more subsequent rounds of bidding.  The minimum overbid for any such subsequent rounds shall be One Hundred Thousand Dollars ($100,000).

f.      All Qualified Bidders shall have the right, at any time, to request that the Debtors announce, subject to any potential new bids, the then-current highest or otherwise best bid and, to the extent requested by any Qualified Bidder, use reasonable efforts to clarify any and all questions such Qualified Bidder may have regarding the Debtors' announcement of the then current highest or otherwise best bid.

Kristen E. Burgers (VSB No. 67997)
HIRSCHLER
8270 Greensboro Drive, Suite 700
Tysons, Virginia 22102
Telephone:              (703) 584-8900
Facsimile:  (703) 584-8901
Email:  kburgers@hirschlerlaw.com

*Co-Counsel to the Debtors*

Mark S. Lichtenstein (Admitted pro hac vice)
Crowell & Moring LLP
590 Madison Avenue, 20th Floor
New York, New York 10022
Telephone:  (212) 223-4000
Facsimile:  (212) 223-4001
Email:  mlichtenstein@crowell.com

*Co-Counsel to the Debtors*

<u>**EXHIBIT 1**</u>

g.    In the discretion of the Debtors, in consultation with their professionals, each Qualified Bidder shall have the right to propose modifications to its Agreement at the Auction; *provided*, *however*, that any such modifications to an Agreement on an aggregate basis and viewed in whole, shall not be less favorable to the bankruptcy estate as determined by the Debtors, in consultation with their professionals.

h.    Immediately prior to the conclusion of the Auction, the Debtors, in consultation with their professionals (i) will review each bid made at the Auction; (ii) determine the highest or best bid for the Assets (the "**Successful Bid**" and the entity or entities submitting such Successful Bid, the "**Successful Bidder**"); and (iii) notify all Qualified Bidders at the Auction, prior to its conclusion, of the identity of the Successful Bidder.  In making this determination, the factors that the Debtors may consider include, without limitation, the amount of the purchase price, the form of consideration offered, and the Qualified Bidder's ability to close a transaction and the timing thereof.

i.    In addition, the Debtors shall determine, in consultation with their professionals, which Qualified Bid, if any, is the next highest or otherwise best Qualified Bid and designate such Qualified Bid as the "**Backup Bid**" which shall proceed to closing in the event the Successful Bidder fails to consummate the Successful Bid.  A Qualified Bidder that submits the Qualified Bid that is designated as the Backup Bid is the "**Backup Bidder**."

j.    At the conclusion of the Auction, any and all key terms of the Successful Bid and the Backup Bid shall be recited on the record to ensure the accuracy thereof and to aid in the final documentation of the sale.

k.    All Qualified Bidders at the Auction shall be deemed to have consented to the core jurisdiction of the Bankruptcy Court and waived any right to a jury trial in connection with any disputes relating to the Auction, and the construction and enforcement of the Successful Bid, as applicable.

## <u>SALE HEARING</u>

20.    A hearing to consider of the sale to the Purchaser or Successful Bidder will be held at 1:30 p.m. (Eastern time) on April 16, 2019 (the "**Sale Hearing**").  At the Sale Hearing, the Debtors will seek authorization to consummate the transaction proposed by the Purchaser or

Kristen E. Burgers (VSB No. 67997)
HIRSCHLER
8270 Greensboro Drive, Suite 700
Tysons, Virginia 22102
Telephone:              (703) 584-8900
Facsimile:  (703) 584-8901
Email:  kburgers@hirschlerlaw.com

*Co-Counsel to the Debtors*

Mark S. Lichtenstein (Admitted pro hac vice)
Crowell & Moring LLP
590 Madison Avenue, 20th Floor
New York, New York 10022
Telephone:  (212) 223-4000
Facsimile:  (212) 223-4001
Email:  mlichtenstein@crowell.com

*Co-Counsel to the Debtors*

**EXHIBIT 1**

the Successful Bidder. The Auction and/or the Sale Hearing may be adjourned in open court from time to time, without further notice. The Sale Hearing will be held before the Honorable Brian F. Kenney, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Eastern District of Virginia, Courtroom I, 200 South Washington Street, Alexandria, Virginia 22314.

21.     Any objections to any of the relief to be requested at the Sale Hearing must be in writing, state the basis of such objections with specificity and be filed with the Bankruptcy Court before 5:00 p.m. (Eastern time) on April 12, 2019. All such objections shall be served in accordance with the Sale and Bid Procedures Notice so as to actually be received by such date and time.

22.     In the event that a Successful Bidder fails to consummate a purchase in accordance with the Successful Bid, the Backup Bidder shall be designated the Successful Bidder and the Debtors shall be directed to and authorized to effect such transaction without further order of the Bankruptcy Court. The Successful Bidder and Backup Bidder, if any, should be represented by counsel at the Confirmation Hearing.

## CONSUMMATION OF THE PURCHASE

24.     The purchase of the Assets shall be consummated as set forth below.

A.     Application of Earnest Money Deposit

Kristen E. Burgers (VSB No. 67997)
HIRSCHLER
8270 Greensboro Drive, Suite 700
Tysons, Virginia 22102
Telephone:                (703) 584-8900
Facsimile:  (703) 584-8901
Email:  kburgers@hirschlerlaw.com

*Co-Counsel to the Debtors*

Mark S. Lichtenstein (Admitted pro hac vice)
Crowell & Moring LLP
590 Madison Avenue, 20th Floor
New York, New York 10022
Telephone:  (212) 223-4000
Facsimile:  (212) 223-4001
Email:  mlichtenstein@crowell.com

*Co-Counsel to the Debtors*

**EXHIBIT 1**

1.      If the Successful Bidder consummates the proposed sale on the terms and conditions of the Successful Bid, the Earnest Money Deposit of such Successful Bidder will be applied to the purchase price at closing.

2.      If the Successful Bidder fails to consummate the proposed sale on the terms and conditions of the Successful Bid, breaches the terms and conditions of the Successful Bid, or otherwise fails to perform its obligations hereunder or thereunder, the Debtors may, and without further order of the Bankruptcy Court, deem the Successful Bidder to be a "**Defaulting Buyer**," at which time the Successful Bid shall be deemed rejected.

3.      A Defaulting Buyer automatically forfeits its Earnest Money Deposit.

B.      <u>Backup Purchase</u>

1.      Upon a determination by the Debtors, in consultation with their professionals, that the Successful Bidder is a Defaulting Buyer, the Debtors will be authorized, but not required, to consummate a sale with a Backup Bidder on the terms and conditions of the Backup Bid without further order of the Bankruptcy Court, provided that the Bankruptcy Court approved such Backup Bid at the Sale Hearing.

2.      If a Backup Bidder consummates a sale on the terms and conditions of the Backup Bid, the Earnest Money Deposit of such Backup Bidder will be applied to the purchase price at closing.  In the event that the Debtors seek to consummate a sale on the terms and

Kristen E. Burgers (VSB No. 67997)
HIRSCHLER
8270 Greensboro Drive, Suite 700
Tysons, Virginia 22102
Telephone:            (703) 584-8900
Facsimile:  (703) 584-8901
Email:  kburgers@hirschlerlaw.com

*Co-Counsel to the Debtors*

Mark S. Lichtenstein (Admitted pro hac vice)
Crowell & Moring LLP
590 Madison Avenue, 20th Floor
New York, New York 10022
Telephone:  (212) 223-4000
Facsimile:  (212) 223-4001
Email:  mlichtenstein@crowell.com

*Co-Counsel to the Debtors*

**EXHIBIT 1**

conditions of a Backup Bid with a Backup Bidder and such Backup Bidder fails to consummate

such sale on or before the alternative closing date, breaches its Backup Bid, or otherwise fails to

perform, the Debtors may, in its business judgment and in consultation with their professionals,

and without further order of the Bankruptcy Court, deem such Backup Bidder to be a Defaulting

Buyer and pursue the same remedies set forth hereinabove with respect thereto (including, but

not limited to, retaining and applying the Backup Bidder's Earnest Money Deposit as part of the

Debtors' damages resulting from the breach or failure to perform by the Backup Bidder).

25.      These Bidding Procedures may not be modified except with the express

prior written consent of the Debtors and the Purchaser.

Kristen E. Burgers (VSB No. 67997)
HIRSCHLER
8270 Greensboro Drive, Suite 700
Tysons, Virginia 22102
Telephone:             (703) 584-8900
Facsimile:  (703) 584-8901
Email:  kburgers@hirschlerlaw.com

*Co-Counsel to the Debtors*

Mark S. Lichtenstein (Admitted pro hac vice)
Crowell & Moring LLP
590 Madison Avenue, 20th Floor
New York, New York 10022
Telephone:  (212) 223-4000
Facsimile:  (212) 223-4001
Email:  mlichtenstein@crowell.com

*Co-Counsel to the Debtors*

<div align="right"><u>**EXHIBIT 2**</u></div>

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| GreenTech Automotive, Inc., <u>et al.</u>[5] | ) | Case No. 18-10651 |
| | ) | Jointly Administered |
| Debtor | ) | |

## NOTICE OF BID PROCEDURES, AUCTION DATE, <u>AND SALE HEARING</u>

**NOTICE IS HEREBY GIVEN**, as follows:

1.      On March 4, 2019, GreenTech Automotive, Inc. and WM Industries Corp. (collectively, the "**Debtors**"), filed a motion (the "**Bid Procedures Motion**") requesting entry of an order: (a) approving bid procedures (the "**Bid Procedures**") for the sale of substantially all the Debtors' assets, including (i) all real and personal property owned by GTA, including the Mississippi Parcel, (ii) the JSAT Interest, (iii) litigation claims, if any, that exist, and have not been settled or released, as of the Closing Date (as defined in the APA), excluding avoidance actions pursuant to Chapter 5 of the Bankruptcy Code, (the "**Litigation Claims**"), (iv) all assets of Gulf Coast Funds Management, LLC, a Louisiana limited liability company (the "**GCFM Assets**"), which is a wholly owned subsidiary of WMIC, and (v) all Accounts Receivable, Intellectual Property, Intellectual Property Licenses (all as defined in the APA) and all other tangible or intangible assets of the Debtors (the "**Other Assets**")[6], (b) authorizing an auction (the

---

5  The Debtors in these jointly administered chapter 11 cases are GreenTech Automotive, Inc. (Case No. 18-10651), WM Industries Corp. (Case No. 18-10652), Gulf Coast Funds Management, LLC (Case No. 18-10653), American Immigration Center, LLC (Case No. 18-10654), GreenTech Automotive Capital A-3 GP, LLC (Case No. 18-10655), and GreenTech Automotive Partnership A-3, L.P. (Case No. 18-10656).

6 The Mississippi Parcel, JSAT Interest, Litigation Claims, and GCFM Assets, and the Other Assets are collectively referred to as the "**Assets**". (collectively, the "**Assets**")

Kristen E. Burgers (VSB No. 67997)
HIRSCHLER
8270 Greensboro Drive, Suite 700
Tysons, Virginia 22102
Telephone:              (703) 584-8900
Facsimile:  (703) 584-8901
Email:  kburgers@hirschlerlaw.com

*Co-Counsel to the Debtors*

Mark S. Lichtenstein (Admitted pro hac vice)
Crowell & Moring LLP
590 Madison Avenue, 20th Floor
New York, New York 10022
Telephone:  (212) 223-4000
Facsimile:  (212) 223-4001
Email:  mlichtenstein@crowell.com

*Co-Counsel to the Debtors*

**EXHIBIT 2**

"**Auction**") to sell the Assets; (c) approving certain deadlines and the form, manner and sufficiency notice of the foregoing; and (d) granting other related relief.

2.      On March __, 2019, the Court entered an order granting the Bid Procedures Motion and approving the Bid Procedures (the "**Bid Procedures Order**"). This Notice is issued pursuant to the requirements of the Bid Procedures Order.  Each capitalized term in the Notice shall have the meaning ascribed to such term in the Bid Procedures.

3.      The Debtors have agreed upon a form of Asset Purchase Agreement (the "**APA**") with Encore Wealth Investments Limited, a British Virgin Islands Company ("**Purchaser**") an executed copy of which shall be filed with the Court no later than 5:00 p.m. on April 8, 2019. Pursuant to the APA, the Debtors intend to sell the Assets to the Purchaser for $8 million in cash plus the waiver of the rights of investors in the Purchaser to receive distributions on account of claims asserted against the Debtors in their Chapter 11 cases.  The sale of the Assets will be subject to higher and better offers as set forth in the Bid Procedures.  Pursuant to the Bid Procedures and the Bid Procedures Order, the Assets will be sold following an Auction (if more than one Qualified Bid is received) and will be sold free and clear of all liens, claims, encumbrances and other interests. The Debtors' ability to close the transaction(s) contemplated is subject to approval of the United States Bankruptcy Court for the Eastern District of Virginia (the "**Bankruptcy Court**").

4.      The Bid Procedures provide for the following key dates in connection with the proposed sale of the Assets:

| Event | Date |
| --- | --- |
| Deadline to submit proof of Qualified Bidder qualifications | April 3, 2019, at 5:00 p.m. (Eastern time) |
| Deadline for Stalking Horse Bidder to post Earnest Money Deposit | April 8, 2019, at 5:00 p.m. (Eastern time) |

Kristen E. Burgers (VSB No. 67997)
HIRSCHLER
8270 Greensboro Drive, Suite 700
Tysons, Virginia 22102
Telephone:            (703) 584-8900
Facsimile:  (703) 584-8901
Email:  kburgers@hirschlerlaw.com

*Co-Counsel to the Debtors*

Mark S. Lichtenstein (Admitted pro hac vice)
Crowell & Moring LLP
590 Madison Avenue, 20th Floor
New York, New York 10022
Telephone:  (212) 223-4000
Facsimile:  (212) 223-4001
Email:  mlichtenstein@crowell.com

*Co-Counsel to the Debtors*

## EXHIBIT 2

| | |
|---|---|
| Deadline for Debtor and/or Stalking Horse Bidder to file with the Court (i) the executed Asset Purchase Agreement, including all relevant schedules and exhibits such as the schedule allocating the Purchase Price to the Assets and, to the extent required by the Asset Purchase Agreement, the proposed Amended and Restated Limited Partnership Agreement of GreenTech Automotive A-3, L.P., and (ii)the proposed language with respect to the treatment of immigration issues under a plan of liquidation | April 8, 2019, at 5:00 p.m. (Eastern time) |
| Opening Bid Deadline | April 10, 2019, at 5:00 p.m. (Eastern time) |
| Auction | April 11, 2019 at 1:00 p.m. (Eastern time) |
| Deadline for the Debtors to file a Disclosure of Terms of Winning Bid | April 11, 2019 , at 5:00 p.m. (Eastern time) |
| Deadline to Object to Sale | April 12, 2019 at 5:00 p.m. (Eastern time) |
| Sale Hearing | April 16, 2019 at 1:30 p.m. (Eastern time) |

THESE DATES ARE SUBJECT TO CHANGE BY THE DEBTORS OR THE BANKRUPTCY COURT.  ALL PARTIES ARE ENCOURAGED TO CHECK THE BANKRUPTCY COURT DOCKET FOR CHANGES TO THESE DATES.

Copies of the Bid Procedures Order are available for review at the Office of the Clerk of the Court, United States Bankruptcy Court, 200 South Washington Street, Alexandria, Virginia 22314, or upon request made to the undersigned counsel.

5.     Any objection to any of the relief to be requested at the Sale Hearing must be in writing, state the basis of such objection with specificity, and shall be filed with the Court, with a copy to Mark S. Lichtenstein, Esquire, Crowell & Moring LLP, 590 Madison Avenue, 20th Floor, New York, NY 10022 and Kristen E. Burgers, Esquire, Hirschler, 8270 Greensboro Drive, Suite 700, Tysons, Virginia 22102, counsel for the Debtors, so that the objection is actually received by deadline set by the Court.

Kristen E. Burgers (VSB No. 67997)
HIRSCHLER
8270 Greensboro Drive, Suite 700
Tysons, Virginia 22102
Telephone:          (703) 584-8900
Facsimile:  (703) 584-8901
Email:  kburgers@hirschlerlaw.com

*Co-Counsel to the Debtors*

Mark S. Lichtenstein (Admitted pro hac vice)
Crowell & Moring LLP
590 Madison Avenue, 20th Floor
New York, New York 10022
Telephone:  (212) 223-4000
Facsimile:  (212) 223-4001
Email:  mlichtenstein@crowell.com

*Co-Counsel to the Debtors*

**EXHIBIT 2**

6. All requests for information concerning the Assets, the sale or the Bid Procedures, including requests for copies of the Motion or the Bid Procedures Order, should be directed in writing to counsel for the Debtors, Mark S. Lichtenstein, Esquire, Crowell & Moring LLP, 590 Madison Avenue, 20th Floor, New York, NY 1022 and Kristen E. Burgers, Esquire, Hirschler, 8270 Greensboro Drive, Suite 700, Tysons, Virginia 22102.

Dated: _____________, 2019

Respectfully submitted,

_________________________________

Kristen E. Burgers (VSB No. 67997)
HIRSCHLER
8270 Greensboro Drive, Suite 700
Tysons, Virginia 22102
Telephone: (703) 584-8900
Facsimile: (703) 584-8901
Email: kburgers@hirschlerlaw.com

- and –

Mark S. Lichtenstein (Admitted pro hac vice)
Crowell & Moring LLP
590 Madison Avenue, 20th Floor
New York, New York 10022
Telephone: (212) 223-4000
Facsimile: (212) 223-4001
Email: mlichtenstein@crowell.com

*Co-counsel to the Debtors*

Kristen E. Burgers (VSB No. 67997)
HIRSCHLER
8270 Greensboro Drive, Suite 700
Tysons, Virginia 22102
Telephone: (703) 584-8900
Facsimile: (703) 584-8901
Email: kburgers@hirschlerlaw.com

*Co-Counsel to the Debtors*

Mark S. Lichtenstein (Admitted pro hac vice)
Crowell & Moring LLP
590 Madison Avenue, 20th Floor
New York, New York 10022
Telephone: (212) 223-4000
Facsimile: (212) 223-4001
Email: mlichtenstein@crowell.com

*Co-Counsel to the Debtors*

**<u>EXHIBIT 2</u>**

**<u>CERTIFICATE OF SERVICE</u>**

      I HEREBY CERTIFY that on this \_\_ day of _____, 2019, a copy of the foregoing

Notice of Bid Procedures, Auction Date, and Confirmation Hearing was served (a) by operation

of this Court's CM/ECF electronic case management system on the parties identified on Exhibit

A (ECF Service List), (b) by first-class mail on the parties identified on Exhibit B (First Class

Mail Service List), (c) by first-class mail on the Purchaser and on all entities known to have

expressed an interest in bidding on the Assets, as identified on Exhibit C, and (d) by first-class

mail on all creditors identified on Exhibit D.

 

_____

Kristen E. Burgers

Kristen E. Burgers (VSB No. 67997)
HIRSCHLER
8270 Greensboro Drive, Suite 700
Tysons, Virginia 22102
Telephone:        (703) 584-8900
Facsimile:  (703) 584-8901
Email:  kburgers@hirschlerlaw.com

*Co-Counsel to the Debtors*

Mark S. Lichtenstein (Admitted pro hac vice)
Crowell & Moring LLP
590 Madison Avenue, 20th Floor
New York, New York 10022
Telephone:  (212) 223-4000
Facsimile:  (212) 223-4001
Email:  mlichtenstein@crowell.com

*Co-Counsel to the Debtors*

# EXHIBIT A

## ECF SERVICE LIST

Electronic Mail Notice List - Parties in the case only

- Joseph A. Guzinski:          joseph.a.guzinski@usdoj.gov
- John P. Fitzgerald, III:          ustpregion04.ax.ecf@usdoj.gov
- Timothy G. Moore:          tmoore@spottsfain.com
- Robert H. Chappell, III:          rchappell@spottsfain.com
- John E. Lucian:          lucian@blankrome.com
- George R. Pitts:          gpitts@rubinrudman.com
- Belkys Escobar:          belkys.escobar@loudoun.gov
- John B. Connor:          jack@johnbconnor.com
- James A. Bobo:          jbobo@ago.state.ms.us
- Dennis T. Lewandowski:          dtlewand@kaufcan.com
- Dipesh Patel:          dipesh.patel@saul.com
- Robert M. Marino:          rmmarino@rpb-law.com
- Jeffrey N. Rothleder:          jeffrey.rothleder@sequirepb.com
- Mariam W. Tadros:          mtadros@reesbroome.com

## EXHIBIT B

## FACSIMILE/E-MAIL SERVICE LIST

Office of the United States Trustee
1725 Duke Street, Suite 650
Alexandria, Virginia  22314
Facsimile:  (703) 557-7279
E-mail:  ustpregion04.ax.ecf@usdoj.gov

US Securities & Exchange Commission
950 E. Paces Ferry Road, NE, Suite 900
Atlanta, GA 30326-1382
Facsimile:  (404) 842-7666
E-mail:  atlanta@sec.gov

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346
E-mail: Valerie.Riley@irs.gov

Virginia Department of Taxation
PO Box 1115
Richmond, VA 23218-1115
Facsimile:  (804) 254-6111

Christopher J. Giaimo
Squire Patton Boggs
2550 M Street, NW
Washington, DC 200037
E-mail:  Christopher.giaimo@squirepb.com

Capital Wealth Holding Limited
c/o Newhaven Trustees (BVI)
PO Box 933 Road Town
Tortola, BVI VG 1110

Tunica County, Mississippi
c/o John Keith Perry Jr.
5699 Getwell Road Building G5
Southaven, MS 38672
Facsimile:  (662) 536-6869
E-mail:  jkp@perrygriffin.com

Jiangsu Saleen Auto. Tech Co.
Building 7&8 No. 299 Wenshui Road
Jingan District
Shanghai PR CHINA

Norma Anderson
Tax Collector, Tunica Co.
PO Box 655
Tunica, MS 38676
E-mail:  Norma.Anderson@tunicagov.com

Virtual Integrated Analytics
Solutions Inc.
1400 Broadfield Boulevard, Suite 325
Houston, TX 77084
E-mail:  bozturk@viascorp.com
         support@viascorp.com

Quality Metalcraft Inc.
33355 Glendale Avenue
Livonia, MI 48150
Facsimile:  (734) 261-5180
E-mail:  sales@qualitymetalcraft.com

Swoosh Technologies & Solution
1422 Elbridge Payne Road, Suite 230
Chesterfield, MO 63017
Facsimile:  (314) 228-1854

Futuris Auto Interiors
Unit 3807 38th Floor, BM Business Center
No. 100 Yutong Road, Zhabei District
Shanghai PR CHINA
E-mail:  dyang@futurisgroup.com

Akerman LLP
IOLA Account
666 Fifth Street, 20th Floor
New York, NY 10103
E-mail:  Brian.miller@akerman.com
         Michael.mena@akerman.com

Sheehan & Associates, PLC
1460 Walton Boulevard, Suite 102
Rochester, MI 48309
Facsimile:  (248) 650-5368
E-mail:  sheehanlawyers@aol.com

P7/Buchanan Pinkard Lakeside
PO Box 780052
Philadelphia, PA 19178
E-mail:  kate.root@cushwake.com

Honigman Miller Schwartz &Cohn
2290 First National Building
660 Woodard Avenue
Detroit, MI 48226
Facsimile:  (313) 465-7403
E-mail:  jlockhart@honigman.com

Global Steering Systems, LLC
PO Box 210
Watertown, CT 06795
Facsimile:  (860) 945-5405
E-mail:  sales@globalsteering.com

## EXHIBIT C

## PURCHASER AND INTERESTED PARTIES SERVICE LIST

## EXHIBIT D

## CREDITOR SERVICE LIST