**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

|  |  |  |
|---|---|---|
| In re: | ) ) ) | Chapter 11 |
| GreenTech Automotive, Inc., <u>et al.</u>[1] | ) ) | Case No. 18-10651 |
| Debtor. | ) ) ) | Jointly Administered |

**ORDER (I) APPROVING DISCLOSURE STATEMENT (II) APPROVING FORMS OF BALLOTS, INVESTOR CONSENT, AND NOTICE OF IMMIGRATION MATTERS, (III) ESTABLISHING VOTING DEADLINE AND PROCEDURES FOR VOTE TABULATION, AND**
**<u>(IV) APPROVING FORM OF NOTICE</u>**

Upon the third amended motion (the "**Motion**") of GreenTech Automotive, Inc. ("**GreenTech**") and WM Industries Corp. ("**WMIC**"), debtors and debtors-in-possession in these jointly-administered cases (together, the "**Debtors**"), seeking entry of an Order (i) approving the proposed Disclosure Statement (the "**Disclosure Statement**") for the Fourth Amended Joint Chapter 11 Plan of Liquidation of GreenTech Automotive, Inc. and WM Industries Corp. (the "**Plan**") as may be further amended or supplemented and including all exhibits and supplements thereto; (ii) approving the form of Ballots[2] for voting to accept or reject the Plan, the form of the Investor Consent to Third-Party Release Provision of the Plan ("**Investor Consent**"), and the form of the Notice of Proposed Treatment of Immigration Issues (the "**Immigration Notice**"); (iii) establishing a voting deadline and procedures for vote tabulation; and (iv) approving a form of notice (the "**Confirmation Notice**"); and due and

---

1  The Debtors in these jointly administered chapter 11 cases are GreenTech Automotive, Inc. (Case No. 18-10651), WM Industries Corp. (Case No. 18-10652), Gulf Coast Funds Management, LLC (Case No. 18-10653), American Immigration Center, LLC (Case No. 18-10654), GreenTech Automotive Capital A-3 GP, LLC (Case No. 18-10655), and GreenTech Automotive Partnership A-3, L.P. (Case No. 18-10656).  All activities and deadlines for the other administratively consolidated debtors, other than GreenTech and WMIC, have been stayed pursuant to Court Order. It is anticipated that the cases of the entities other than the movants herein shall be voluntarily dismissed.

2  Unless otherwise defined herein, all capitalized terms are to be given their meaning in the Plan.

Kristen E. Burgers (VSB No. 67997)
HIRSCHLER FLEISCHER
8270 Greensboro Drive, Suite 700
Tysons, Virginia 22102
Telephone:         (703) 584-8900
Facsimile:  (703) 584-8901
Email:  kburgers@hf-law.com

*Co-Counsel to the Debtor*

Mark S. Lichtenstein (Admitted pro hac vice)
Crowell & Moring LLP
590 Madison Avenue, 20th Floor
New York, New York 10022
Telephone:  (212) 223-4000
Facsimile:  (212) 223-4001
Email:  mlichtenstein@crowell.com

*Co-Counsel to the Debtor*

adequate notice of the Motion having been given; and upon consideration of the further modifications to the Disclosure Statement, Investor Consent, and Immigration Notice announced in Court at the hearing (the "**Hearing**") held on May 23, 2019 to consider the Motion; and upon the record of the Hearing; after due deliberation, and good and sufficient cause appearing therefor, it is hereby

ORDERED, that the Disclosure Statement, with the changes announced at the Hearing, is approved; and it is further,

ORDERED, that the form of Investor Consent, with the changes announced at the Hearing, is approved; and it is further

ORDERED, that the form of Ballots, with the changes announced at the Hearing, are approved; and it is further

ORDERED, that the form of Immigration Notice is approved; and it is further

ORDERED, that the Debtors' shall file a notice with the Court on July 12, 2019 if the balance of the purchaser's deposit has not been posted by that time; and it is further

ORDERED, that no later than July 19, 2019, the Debtors shall serve the Confirmation Notice attached to the Motion as Exhibit C on all creditors and parties in interest; and it is further,

ORDERED, that the Debtors must file a Summary of Balloting by no later than August 21, 2019; and it is further

ORDERED, that a hearing on the confirmation of the Plan (the "**Confirmation Hearing**") shall be held on August 23, 2019 at 11:00 a.m. before the Honorable Brian F. Kenney, Courtroom I, United States Bankruptcy Court for the Eastern District of Virginia, 200 S. Washington Street, Alexandria, Virginia 22314-5405; and it is further,

ORDERED, that objections to the Plan must be filed with the Court and served upon counsel to the Debtors, the United States Trustee and all parties requesting service of papers no later than August 16, 2019; and it is further,

ORDERED, that creditors seeking to vote on the Plan must send their Ballots and Investor Consents (if applicable), by first class mail, commercial overnight delivery service, e-mail or facsimile, to the Debtors' counsel, Mark S. Lichtenstein, Crowell & Moring LLP, 590 Madison Avenue, 20th Floor, New York, New York, (212) 223-4000, Facsimile: (212) 223-4001, E-mail: MLichtenstein@crowell.com, so as to be received no later than August 16, 2019 at 5:00 p.m. Eastern Standard Time (the "**Voting Deadline**"); and it is further,

ORDERED, that for purposes of voting only, the amount of a Claim used to tabulate acceptance or rejection of the Plan shall be either:

    (a)    unless a proof of claim has been filed, the Claim amount listed in the Debtors' schedules of liabilities (as amended, the "**Schedules**") provided that such Claim is not scheduled as contingent, disputed or unliquidated;

    (b)    the liquidated amount specified in a proof of claim timely filed with the Court (or otherwise deemed timely filed by the Court under applicable law) to the extent that the proof of claim is not the subject of an objection which has been filed no later than August 9, 2019; or

    (c)    the amount temporarily allowed by the Court for voting purposes, pursuant to Bankruptcy Rule 3018(a), after notice and a hearing concluded prior to the Voting Deadline;

and it is further,

ORDERED, that if a creditor casts a Ballot and (i) the creditor has not timely filed a proof of claim and is listed on the Schedules as holding a Claim that is contingent, unliquidated or disputed, or (ii) the creditor has filed a proof of claim and the creditor's Claim is the subject of an objection to said Claim filed no later than August 9, 2019, said creditor's Ballot shall not be counted unless temporarily allowed by the Court for voting purposes, pursuant to Bankruptcy Rule 3018(a), after notice and a hearing prior to the Voting Deadline; and it is further,

ORDERED, that Ballots cast by creditors whose Claims are not listed on the Schedules but who timely filed proofs of claim in unliquidated or unknown amounts, which proofs of claim are not the subject of an objection filed at least ten (10) days before the Voting Deadline, will count for satisfying the numerosity requirement of § 1126(c) of the Bankruptcy Code, but will not count towards satisfying the aggregate dollar amount provisions of that section of the Bankruptcy Code; and it is further,

ORDERED, that the following voting procedures and standard assumptions are to be used in tabulating Ballots:

(a)    If a creditor casts more than one Ballot voting the same Claim prior to the Voting Deadline, the last Ballot received prior to the Voting Deadline shall be deemed to reflect such voter's intent and to supersede any prior Ballot(s) which shall be disregarded for voting purposes;

(b)    A Ballot signed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or other acting in a fiduciary or representative capacity when signing, must be submitted with evidence satisfactory to the Debtors of such signer's authority to act on behalf of the holder of the Claim;

(c)    The Debtors, in their discretion, subject to contrary order of the Court, may waive any defect in any Ballot at any time, either before or after the close of voting, and without notice. Except as provided below, unless the Ballot being furnished is timely submitted on or prior to the Voting Deadline, the Debtors may, in their discretion, reject such Ballot

as invalid and, therefore, decline to utilize it in connection with confirmation of the Plan by the Court;

(d)  Unless otherwise ordered by the Court, all questions as to the validity, form, eligibility (including time of receipt) and revocation or withdrawal of Ballots will be determined by the Debtors in their discretion;

(e)  Subject to contrary order of the Court, the Debtors reserve the right to reject any and all Ballots not proper in form or for other good cause, the acceptance of which would, in the opinion of the Debtors, not be in conformity with the provisions of the Bankruptcy Code;

(f)  Subject to contrary order of the Court, the Debtors further reserve the right to waive any defects or irregularities or conditions of delivery as to any particular Ballot;

(g)  Unless waived, any defects or irregularities in connection with the delivery of Ballots must be cured within such time as the Debtors (or the Court) determines. Neither the Debtors nor any other person or entity will be under any duty to provide notification of defects or irregularities with respect to deliveries of Ballots nor will any of them incur any liabilities for failure to provide such notification. Unless otherwise directed by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived. Ballots previously furnished (and as to which any irregularities have not theretofore been cured or waived) will not be counted; and

(h)  Any vote purportedly cast on behalf of an impaired Class will not count for voting purposes unless and until the Class is certified by the Court pursuant to a proof of Claim to which no objection has been filed, or if an objection has been filed to such proof of Claim, such Claim has been temporarily certified for purposes of voting in an allowed amount;

and it is further,

ORDERED, that the form and substance of the Confirmation Notice attached as Exhibit C to the Motion is approved; and it is further,

ORDERED, that the Debtors shall serve the following solicitation materials relating to the Plan as follows no later than July 19, 2019:

(a)  <u>Class 1 – Allowed Tunica County Secured Tax Claim</u>. The claimant shall receive this Order, the Disclosure Statement, Plan, Confirmation Notice and a Ballot.

(b)  <u>Class 2 – Allowed Tunica County Secured Claim</u>. The claimant shall receive this Order, the Disclosure Statement, Plan, Confirmation Notice, and a Ballot.

(c)  <u>Class 3 – Allowed A-3 LP Secured Claim</u>. The claimant shall receive this

Order, the Disclosure Statement, Plan, Confirmation Notice, and a Ballot.

(d) <u>Class 4 - Allowed Priority Non-Tax Claims</u>.  The claimant shall receive this Order, the Disclosure Statement, Plan, and Confirmation Notice.

(e) <u>Class 5 – Allowed Convenience Class Claims</u>. Each claimant shall receive this Order, the Disclosure Statement, Plan, and Confirmation Notice.

(f) <u>Class 6 – Allowed Unsecured Claims</u>. The claimant shall receive this Order, the Disclosure Statement, Plan, Confirmation Notice, Immigration Notice and a Ballot.

(g) <u>Class 7 – Allowed A-4 Investor Claims</u>. Each claimant shall receive this Order, the Disclosure Statement, Plan, Confirmation Notice, and Immigration Notice.

(h) <u>Class 8 – Allowed Claims of Capital Wealth Holdings, Ltd. and American Theme Park Fund, LLC</u>. Each claimant shall receive this Order, the Disclosure Statement, Plan, and Confirmation Notice

(i) <u>Class 9 – Intercompany Claims</u>. Each claimant shall receive this Order, the Disclosure Statement, Plan, and Confirmation Notice.

(j) <u>Class 10 –Investor Claims</u>. Each claimant shall receive this Order, the Disclosure Statement, Plan, Immigration Notice, and Confirmation Notice.

(k) <u>Class 11 – WMIC Interests</u>. Each claimant shall receive this Order, the Disclosure Statement, Plan, and Confirmation Notice.

(n) <u>Investor Consent</u>. All A-3 Investors and A-4 Investors shall receive an Investor Consent and Immigration Notice.

(o) <u>2002 List</u>.  Entities that have filed and served on Debtor's counsel a notice of appearance and request for service of papers in these cases pursuant to Bankruptcy Rule 2002:  Each party shall receive this Order, the Disclosure Statement, Plan, and Notice, unless otherwise entitled to receive solicitation materials as the holder of a Claim or Interest.

Signed this _____ day of _____, 2019.

Dated: Jun 3 2019

/s/ Brian F. Kenney
_____
UNITED STATES BANKRUPTCY JUDGE

Entered on Docket: June 4, 2019

We ask for this:

*/s/ Kristen E. Burgers*
Kristen E. Burgers (VSB No. 67997)
HIRSCHLER FLEISCHER
8270 Greensboro Drive, Suite 700
Tysons, Virginia 22102
Telephone:     (703) 584-8900
Facsimile:      (703) 584-8901
Email:              kburgers@hf-law.com


*/s/ Mark S. Lichtenstein*
Mark S. Lichtenstein (Admitted pro hac vice)
CROWELL & MORING LLP
590 Madison Avenue, 20th Floor
New York, New York 10022
Telephone:     (212) 223-4000
Facsimile:      (212) 223-4001
Email:              mlichtenstein@crowell.com

*Co-Counsel to the Debtors*


SEEN AND NO OBJECTION:

*/s/ Jeffrey Rothleder*
Christopher J. Giaimo (Admitted *Pro Hac Vice*)
Jeffrey Rothleder (VSB No. 91468)
Squire Patton Boggs (US) LLP
2550 M Street, NW
Washington, DC 20037
Telephone: (202) 457-6000
Facsimile: (202) 457-6315
Email: jeffrey.rothleder@squirepb.com
           christopher.giaimo@squirepb.com


SEEN AND NO OBJECTION:

*/s/ George Pitts*
George R. Pitts (VSB No. 24978)
Rubin & Rudman LLP
800 Connecticut Avenue, NW

Washington, DC 20006
Telephone: (240) 356-1566
Email: gpitts@rubinrudman.com

SEEN AND NO OBJECTION:

*/s/ Joseph A. Guzinski*
Joseph A. Guzinski, Esq.
Office of the United States Trustee
1725 Duke Street, Suite 650
Alexandria, VA 22314

### Local Rule 9022-1(C) Certification

I certify that the foregoing Order was endorsed by all necessary parties pursuant to Local Rule 9022-1(C).

*/s/ Kristen E. Burgers*
Kristen E. Burgers

11239954.3 043227.00001