**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| **In re:** | ) Chapter 11 |
| | ) |
| **GREENTECH AUTOMOTIVE, INC., et al.**[1] | ) Case No. 18-10651 |
| | ) Jointly Administered |
| **Debtor.** | ) |
| | ) |

**ORDER CONFIRMING MODIFIED FOURTH AMENDED**
**JOINT CHAPTER 11 PLAN OF LIQUIDATION**
**FILED BY GREEN TECH AUTOMOTIVE, INC. AND WM INDUSTRIES CORP.**

Upon consideration of (a) the Modified Fourth Amended Joint Chapter 11 Plan of Liquidation [Docket No. 627], dated August 26, 2019 (the "**Plan**"), filed by Greentech Automotive, Inc. ("**GreenTech**") and WM Industries Inc. ("**WMIC**" and together with GreenTech, the "**Debtors**" or "**Plan Proponents**"), debtors and debtors in possession in these jointly administered cases (collectively, the "**Chapter 11 Case**"); (b) Notice of Filing of Supporting Documents in Connection with the Order Granting Bid Procedures Motion [Docket No. 544] dated April 8, 2019; (c) Notice of Filing of Amendments to Supporting Documents in

---

[1] The Debtors in these jointly administered Chapter 11 cases are GreenTech Automotive, Inc. (Case No. 18-10651), WM Industries Corp. (Case No. 10652), Gulf Coast Funds Management, LLC (Case No. 18-10653), American Immigration Center, LLC (Case No. 18-10654); GreenTech Automotive Capital A-3 GP, LLC (Case No. 18 - 10655), and GreenTech Automotive Partnership A-3, L.P. (Case No. 18-10656).

Kristen E. Burgers (VSB No. 67997)
HIRSCHLER FLEISCHER
8270 Greensboro Drive, Suite 700
Tysons, Virginia 22102
Telephone:     (703) 584-8900
Facsimile:  (703) 584-8901
Email:  kburgers@hf-law.com

*Co-Counsel to the Debtors*

Mark S. Lichtenstein (Admitted pro hac vice)
Crowell & Moring LLP
590 Madison Avenue, 20th Floor
New York, New York 10022
Telephone:  (212) 223-4000
Facsimile:  (212) 223-4001
Email:  mlichtenstein@crowell.com

*Co-Counsel to the Debtors*

Connection with the Order Granting Bid Procedures Motion [Docket No. 545] dated April 9, 2019; (d) the Certification of Ballot Report for the Fourth Amended Joint Chapter 11 Plan of Liquidation of GreenTech Automotive, Inc. and WM Industries Corp. [Docket No. 618], filed on August 21, 2019; and (e) the Notice of Filing of Proposed Supplemental Documents in Support of the Modified Fourth Amended Joint Chapter 11 Plan of Liquidation [Docket No. 621], filed on August 22, 2019; and the Debtors having transmitted the Plan, notice of the hearing on confirmation of the Plan and a ballot and/or an investor release, as applicable, along with Chinese translations of the same (collectively, the "**Solicitation Materials**") to all known holders of Claims and Interest in the Debtors, as set forth on that Certificated of Service [Docket No. 602] filed on July 23, 2019; and limited objections to the Plan having been filed by Yang Dong, et al. [Docket No. 616], the Bi Claimants [Docket No. 617], and certain investors; and a hearing to consider confirmation of the Plan having been duly noticed and held before this Court on August 23, 2019 (the "**Confirmation Hearing**"); and upon the full and complete record of the Confirmation Hearing and all matters and proceedings heretofore part of the record of this Chapter 11 Case; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED that:

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

A.      All defined terms used but not otherwise defined in this Order have the meanings ascribed to such terms in the Plan.  This Court has jurisdiction over the Chapter 11 Case pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2) ,and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable

provisions of title 11 of the United States Code (the "**Bankruptcy Code**") and should be confirmed.

B. This Court takes judicial notice of the docket of this Chapter 11 Case maintained by the Clerk of this Court and all pleadings referenced therein, including all documents filed, all orders entered, and all evidence and arguments made, proffered or adduced at the hearings held before this Court during the pendency of this Chapter 11 Case, including, without limitation, the Confirmation Hearing.

C. Notice of the Confirmation Hearing, the treatment of Claims and Interests under the Plan, the treatment of unexpired leases and executory contracts under the Plan, and the relevant deadlines for the submission of ballots and objections has been provided in the form, within the time and substantially in accordance with the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and the procedures approved and prescribed by this Court. The notice described in this finding is adequate and sufficient for parties in interest pursuant to section 1128 of the Bankruptcy Code and Bankruptcy Rules 2002(b) and 3020(b)(2).

D. Ballots were properly transmitted to holders of Claims in Class 1 (Tunica Secured Tax Claim), Class 2 (Tunica Secured Claim); Class 3 (A-3 LP Secured Claim), and Class 6 (Unsecured Claims), the only Classes under the Plan that are treated as impaired within the meaning of section 1124 of the Bankruptcy Code and entitled to vote to accept or reject the Plan (the "**Voting Classes**").

E. The Plan Proponents properly solicited votes for the Plan from the Voting Classes in good faith and in a manner consistent with the Bankruptcy Code.

F. The Plan complies with the requirements of sections 1122 and 1123 of the Bankruptcy Code.

G.      The classification scheme of Claims and Interests under the Plan is reasonable. In accordance with section 1122 of the Bankruptcy Code, Claims or Interests in each particular Class are substantially similar to other Claims or Interests in such Class.

H.      The Plan designates Classes of Claims and Interests, satisfying the requirements of section 1123(a)(1) of the Bankruptcy Code. Specifically, the Plan establishes the following Classes of Claims and Interests: Class 1 (Tunica County Secured Tax Claim); Class 2 (Tunica County Secured Claim); Class 3 (A-3 LP Secured Claim); Class 4 (Priority Non-Tax Claims); Class 5 (Convenience Class Claims); Class 6 (Unsecured Claims), Class 7 (A-4 Investor Claims); Class 8 (Claims of Capital Wealth Holdings, Ltd. and American Theme Park Fund, LLC); Class 9 (Inter-Company Claims); Class 10 (Investor Claims); and Class 11 (WMIC Interests).

I.      The treatment of each of the Classes of Claims and Interests is specified in Article IV of the Plan and, therefore, satisfies Bankruptcy Code sections 1123(a)(2) and 1123(a)(3).

J.      The Plan provides for the same treatment for each Claim or Interest of a particular Class, satisfying the requirements of section 1123(a)(4) of the Bankruptcy Code.

K.      The Plan has been accepted by each of Class 1, Class 2, Class 3, and Class 6 which are all of the Voting Classes, in accordance with section 1126 of the Bankruptcy Code and consistent with Bankruptcy Rule 3018.

L.      Classes 5 and 9 are unimpaired and conclusively presumed to accept the Plan pursuant to section 1126(f) of the Bankruptcy Code.

M.      Classes 7, 8, 10 and 11 (whose members will receive no distribution under the Plan on account of their Claims or Interests) are impaired and deemed to reject the Plan pursuant to section 1126(g) of the Bankruptcy Code.

N. The Plan provides for adequate means for its implementation, satisfying the requirements of section 1123(a)(5) of the Bankruptcy Code.

O. The Plan is dated and identifies the entities submitting it, thereby satisfying Bankruptcy Rule 3016(a).

P. The Plan complies with the applicable provisions of the Bankruptcy Code, satisfying the requirements of Bankruptcy Code section 1129(a)(1).

Q. The Plan Proponents have complied with the applicable provisions of the Bankruptcy Code, satisfying the requirements of section 1129(a)(2) of the Bankruptcy Code.

R. Based upon the testimony adduced and/or proffered at the Confirmation Hearing, the Plan has been proposed in good faith and not by any means prohibited by law, satisfying the requirements of section 1129(a)(3) of the Bankruptcy Code.

S. The Plan Proponents have acted in good faith in connection with and relating to the formulation, negotiation, solicitation, and confirmation of the Plan and have acted incompliance with the applicable provisions of the Bankruptcy Code.

T. Any payment made or to be made by the Debtor for services or for costs and expenses in, or in connection with the Chapter 11 Case or in connection with the Plan and incident to the Chapter 11 Case, has been approved by, or is subject to the approval of, this Court as reasonable, satisfying the requirements of section 1129(a)(4) of the Bankruptcy Code.

U. The Debtors have disclosed the identity, affiliations, and compensation to be paid to the individual, Peter Huddleston, proposed to serve, after Confirmation of the Plan, as the Plan Administrator of the Debtors, and the appointment of said individual is consistent with the interests of the Debtors' Creditors and Interest holders and public policy. These disclosures satisfy the requirements of section 1129(a)(5) of the Bankruptcy Code.

V.  With respect to each impaired class of Claims or Interests, each holder of a Claim or Interest of such Class: (i) has accepted the Plan, if entitled to vote thereon; or (ii) will receive or retain under the Plan, on account of such Claim or Interest, property of a value, as of the Effective Date[2] of the Plan, that is not less than the amount that such holder would receive or retain if the Debtors were to be liquidated under chapter 7 of the Bankruptcy Code on such date. This treatment satisfies the requirements of section 1129(a)(7) of the Bankruptcy Code.

W.  Except to the extent that a holder has agreed or agrees to a different treatment of such Claim, Article III of the Plan provides that, with respect to each Allowed Claim of a kind specified in: (i) section 507(a)(2) of the Bankruptcy Code, including, but not limited to, the holders of Allowed Professional Fee Claims, the holder of such Claim will receive on account of such Claim, on the applicable distribution date Cash equal to the allowed amount of such Claim; and (ii) section 507(a)(8) of the Bankruptcy Code, the holder of such Claim will receive, on account of such Claim, Cash on the applicable distribution date equal to the allowed amount of such Claim.  This treatment satisfies the requirements of section 1129(a)(9) of the Bankruptcy Code.

X.  The Plan has been accepted by Classes 1, 2, 3 and 6, the only Voting Classes, which acceptances were determined without including any acceptance of the Plan by any insider holding a Claim in such Class.  As a result, the requirement of section 1129(a)(10) of the Bankruptcy Code is satisfied.

Y.  Articles VI and VII of the Plan reasonably describe the process by which the Plan will be implemented and the Debtors and the Debtors' assets will be liquidated.  As a result, the requirement of section 1129(a)(11) of the Bankruptcy Code is satisfied.

---

[2] Except as otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Plan.

Z. The fees payable to the United States Trustee, as provided under 28 U.S.C. § 1930(a)(6), constitute administrative expenses entitled to priority under section 507(a)(2) of the Bankruptcy Code and the treatment of such fees under Article III of the Plan satisfies section 1129(a)(12) of the Bankruptcy Code.

AA. The Plan does not provide for the payment of any retiree benefits within the meaning of section 1114 of the Bankruptcy Code.

BB. No party in interest that is a governmental unit has requested that this Court not confirm the Plan on grounds that the principal purpose of the Plan is the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933, and the principal purpose of the Plan is not such avoidance. Accordingly, the Plan satisfies the requirements of section 1129(d) of the Bankruptcy Code.

CC. All conditions to confirmation of the Plan in Article 12.1 of the Plan have been satisfied or waived.

DD. Pursuant to Article 10 of the Plan, any and all executory contracts and unexpired leases (the "**Rejected Contracts**") that: (i) are not the subject of a motion to assume or reject on the Confirmation Date; (ii) were not assumed or rejected before the Confirmation Date, shall be deemed rejected as of the Effective Date and the non-debtor parties to such contracts and leases shall receive notice of the rejection and the bar date with respect to damage claims, if any, related to such rejection.

EE. The releases, injunction and exculpation contained in Article 13.9 of the Plan, as clarified and modified in this Order, are limited in scope and are appropriate under the circumstances of the Chapter 11 Case.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

## I. GENERAL

1. The findings of this Court set forth above and the conclusions of law stated herein shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding by Bankruptcy Rule 9014. To the extent any finding of fact shall be determined to be a conclusion of law, it shall be so deemed, and vice versa.

2. To the extent permitted by applicable law, this Court hereby retains jurisdiction of this Chapter 11 Case: (a) pursuant to and for the purposes of section 105(a) and 1127 of the Bankruptcy Code; and (b) as set forth in Article XIII of the Plan.

3. To the extent that any Objections to Confirmation of the Plan have not been withdrawn prior to entry of this Order, or are not cured by the relief granted herein, all such Objections shall be, and hereby are, overruled.

## II. PLAN CONFIRMATION AND IMPLEMENTATION

4. The Plan is hereby confirmed pursuant to section 1129 of the Bankruptcy Code. The absence of a reference to a specific provision of the Plan in this Order shall not, and shall not be deemed to, affect or alter this Court's ruling that every provision of the Plan has been confirmed and approved by this Court.

5. Without further order of this Court, the Debtors are authorized and empowered to execute, deliver, file or record such contracts, instruments, and other agreements or documents and take all actions and perform all acts, including expending funds, reasonably necessary or appropriate to consummate, effectuate, implement and further evidence the terms and conditions of the Plan.

6. Upon the Effective Date, (a) all property of the Debtors' Estates not previously transferred to Encore Wealth Investments Limited ("**Encore**") shall revest in the Liquidating Debtor; and (b) title to all property shall vest in the Liquidating Debtors, absolutely, unconditionally, and indefeasibly, free and clear of all Claims, all liens securing Claims and all Interests (except to the extent that such claims, Liens, charges, encumbrances and/or interests have been expressly provided for in the Plan). The Liquidating Debtors shall not be liable or responsible for any Claim against the Debtors or their Estates or any obligation of the Debtors or their Estates except as expressly provided for in the Plan, or in this Order.

7. Pursuant to Article 6.6 of the Plan, on the Effective Date all remaining Assets of the Debtors shall vest in the Liquidating Debtors to be administered by the Plan Administrator.

8. Pursuant to Article 6.6 of the Plan, on the Effective Date, the property of the Debtors' Estates, shall revest in the Liquidating Debtors, and all such property of the Debtors shall be free and clear of all Claims and Interests, and all Liens with respect thereto, except as specifically provided in the Plan or this Confirmation Order.

9. Pursuant to Article IX of the Plan, after the Effective Date, only the Plan Administrator, on behalf of the Liquidating Debtors, shall have authority to file objections to Claims and to file, prosecute, settle, or otherwise resolve causes of action on behalf of the Liquidating Debtors, including, without limitation, those based upon sections 510, 542, 544, 547, 548, 549, 550, 551, or 553 of the Bankruptcy Code.

10. Pursuant to Article IX of the Plan, after the Effective Date, only the Plan Administrator shall have the authority to file objections to Administrative Claims, Priority Tax Claims, and other Claims.

11. As of the Effective Date, Peter Huddleston is appointed as the Debtors' Plan Administrator with authority to take each and every action identified in Article VI of the Plan or such as is reasonably necessary for the implementation and consummation of the Plan.

12. After the Effective Date, pursuant to Article VII of the Plan, the Plan Administrator should make all Distributions required under the Plan.

### III. EXECUTORY CONTRACTS AND UNEXPIRED LEASES

13. Pursuant to Article X of the Plan, all Executory Contracts or Unexpired Leases that have not been rejected or assumed and assigned as of the Confirmation Date shall be deemed rejected.

### IV. MISCELLANEOUS

14. The Plan Administrator shall retain all claims or causes of action against third parties, including, but not limited to causes of action based upon sections 510, 542, 544, 547, 548, 549, 550, 551, or 553 of the Bankruptcy Code.

15. The releases, injunction, and exculpation contained in Article XIII of the Plan are approved in all respects and shall be effective as provided for therein and as modified and clarified in this Order. On the Effective Date, the provisions of Article XIII, as so clarified and modified, shall be valid, binding and effective in all respects, and are hereby approved as fair, equitable, reasonable and in the best interests of the Debtors, their Estates, Creditors, Interest Holders and other parties in interest in the Chapter 11 Case, without the requirement of any further action by any party in interest in the Chapter 11 Case. For avoidance of doubt, the releases contained in Article XIII of the Plan do not release any claims by Creditors or Investors against third parties, or otherwise extend to claims against any non-debtor Released Party that are held by holders of Claims and/or Interests, including the claims asserted against the Debtors'

former CEO and Chairman, Mr. Charles Wang, in the litigation filed in the Circuit Court for Fairfax County, Virginia, captioned as <u>Wei Zeng et al. v. Charles Wang</u>, No. 2019-10125, and the litigation pending in the United States District Court for the Eastern District of Virginia, Alexandria Division, captioned as <u>Bi et al. v. Wang et al.</u>, Case No. 1:17-cv-01459-CMH.

16. As the Sale of the Debtors' property pursuant to that certain Order (I) Authorizing the Sale of Substantially all of the Debtors' Assets; (II) Authorizing the Assumption and Assignment of Executory Contracts and Unexpired Leases; (III) Approving Certain Deadlines and the Form, Manner and Sufficiency of Notice; and (IV) Granting other Related Relief entered at Docket No. 557 (the "Sale Order") was clearly and unequivocally effected in contemplation of the Plan, to the fullest extent permitted under section 1146(c) of the Bankruptcy Code, the issuance, transfer, or exchange of property under the Plan, including, but not limited to, making or assignment of any lease or sublease, or the making or delivery of any deed or other instrument of transfer under, in furtherance of, or in connection with the Plan, including but not limited to the transfer by the Debtors of their right, title, and interest in and to certain property to Encore, shall not be subject to any stamp, real estate transfer, sales, use, mortgage recording or similar tax, and each recording or other agent of any governmental office shall record any such documents of issuance, transfer, or exchange without any further direction or order from the Bankruptcy Court.  17. Pursuant to sections 1123(a) and 1142(a) of the Bankruptcy Code and the provisions of this Order, upon the occurrence of the Effective Date, the Plan and the related documents, shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

18. To the extent this Order and/or the Plan conflicts with: (a) the Disclosure Statement; (b) any other agreement entered into between the Debtor and any party; or (c) other

11

orders of the Bankruptcy Court, the Plan controls the Disclosure Statement and any such agreements or prior orders, and this Order controls the Plan.

19.     Except as otherwise specifically provided by the Plan and this Order, including the Debtors' intention to pay all pre and post-petition real estate and personal property tax claims of Tunica County in whatever amounts are ultimately determined to be due, as secured claims, confirmation of the Plan (subject to the occurrence of the Effective Date) shall, pursuant to section 1141(c) of the Bankruptcy Code, enjoin enforcement against property of the Debtors' estates administered through the Plan of any debt or liability against the Debtors or their Estates that arose before the Confirmation Date, or which might at any time on or after the Confirmation Date arise out of or relate, directly or indirectly, to any pre-Confirmation Date acts or omissions, any debt of the kind specified in section 502(g), section 502(h) or section 502(i) of the Bankruptcy Code, all Claims treated in the Plan, all contingent and unliquidated liabilities of every type and description to the fullest extent an injunction against enforcement of such liabilities is permitted under section 1141(c) of the Bankruptcy Code, and such injunction shall be applicable to all other Claims against the Debtors or their Estates that were outstanding, accrued or existing, or might reasonably have been asserted, on the Confirmation Date, in each instance whether or not a proof of such Claim is filed or deemed filed, whether or not such Claim is Allowed, and whether or not the holder of such Claim has voted on the Plan.  For the avoidance of doubt, in accordance with sections 1141(d)(3) and 1141(c) of the Bankruptcy Code, the property of the Debtors administered through the Plan will be free and clear of Liens and Claims and any other charges and obligations of Creditors and Interest holders and will be subject to the provisions of the Plan and this Order, but only the A-3 L.P. will receive a discharge and the benefit of the discharge injunction of section 524(a) of the Bankruptcy Code,

*provided*, *however*, that all claims, interests and entitlements of partners in the A-3 LP shall be preserved, all as set forth in the amended partnership documents filed at Docket No. 621. Notwithstanding any provision of the Plan or this Order that may suggest otherwise, the Plan shall not, and shall not be deemed to, release any Encore Releasee from any Encore Released Claim, as those terms are defined in the Plan unless the releasing party has consented thereto by completing and returning an Investor Consent, as defined in the Plan. Notwithstanding the foregoing, or any other provision of the Plan or this Order, the relief provided in the Sale Order, including, but not limited to, paragraphs 11, 16-20, 22 and 25 thereof, shall remain in full force and effect and shall in no way be diminished or impaired by any provision of the Plan or this Order to the contrary.

20. The Amended and Restated LPA of the A-3 LP, as negotiated by the limited partners thereof and filed as Docket No. 621, is authorized by this Court. GreenTech Automotive Partnership A-3, L.P is authorized and directed to select a new general partner for the partnership in accordance with such documents, and any stay or injunction otherwise applicable to the A-3 GP shall be modified and lifted to permit the actions contemplated in such documents to occur. The form of the operating agreement of the new general partner of the A-3 LP, filed as Docket No. 621, is also approved. The limited partners continuing in the A-3 LP under the terms of those documents shall retain all rights and entitlements under the governing documents of the A-3 LP as so amended and restated. A-3 LP, a jointly administered debtor herein, shall emerge from bankruptcy protection on the Confirmation Date, as a discharged debtor, restructured in accordance with the foregoing documents..

21. To effect Section 6.6 of the Plan, debtors American Immigration Center LLC (Case No. 18-10654), Gulf Coast Funds Management LLC (Case No. 18-10653) and GreenTech

Automotive Capital A-3 GP (Case No. 18-10655) shall, to the extent this has not already been accomplished, account for, and turn over to, the Plan Administrator, as defined in the Plan, all documents and information, whether in paper or electronic form, relating to their operations, finances and property, along with all property, tangible or intangible so that such property may be administered in accordance with Article 6.6. of the Plan.

22. Notwithstanding any provision of the Plan or this Order that may suggest otherwise, nothing in the Plan shall, or shall be deemed to, release any Claim, as defined in the Plan that is based upon, any act, omission, circumstance, event, agreement or occurrence that arises, takes place or occurs after the Confirmation Date.

23. Notwithstanding any provision of the Plan or this Order that may suggest otherwise, the Plan shall not, and shall not be deemed, to release any claim of the Bi Claimants, defined and listed in the disclosure filed in these cases at Docket No. 601, against any party other than a debtor that filed one of these administratively consolidated bankruptcy cases that is expressly discharged under the Plan, as clarified and modified by this Order, including without limitation claims of the Bi Claimants in Case No. 1:17-CV-01459-CMH, <u>Bi et al. v. Wang et al.</u>, now pending in the United States District Court for the Eastern District of Virginia, Alexandria Division.

24. Notwithstanding any provision of the Plan or this Order that may suggest otherwise, the Plan shall not, and shall not be deemed, to release any claims of plaintiffs Wei Zeng et al. asserted against the Debtors' former CEO and Chairman, Mr. Charles Wang, in the litigation filed in the Circuit Court for Fairfax County, Virginia, captioned as <u>Wei Zeng et al. v. Charles Wang</u>, No. 2019-10125.

25. The Objection to Claim number 47 of Jing Shen, *et al*. [Docket No. 398], dated December 7, 2018 and the related Motion to Estimate Claim dated December 17, 2019 [Docket No. 413] have been resolved as follows: The Claim is disallowed by consent as a secured claim and the individual Claimants shall receive the treatment afforded to all A-3 Investors under the Plan.

26. Except as expressly otherwise provided for in the Plan, or any order of this Court, all injunctions or stays provided for in this administratively consolidated Chapter 11 Cases under sections 105 or 362 of the Bankruptcy Code or otherwise, and in existence as of the date hereof, shall remain in full force and effect through and including the Effective Date and any such later date as provided for under applicable law.

27. Pursuant to section 1141 (c) of the Bankruptcy Code, effective as of the Confirmation Date, but subject to the occurrence of the Effective Date, and except as expressly provided in the Plan or this Order, the provisions of the Plan ( as it may hereafter be amended, and all documents and agreements executed pursuant to, the Plan) and this Order shall be binding on: (a) the Debtors; (b) the United States Trustee; and (c) all holders of Claims against and Interests in the Debtors, whether or not impaired under the Plan and whether or not, if impaired, such holders accepted the Plan.

28. If any or all of the provisions of this Order are hereafter reversed, modified or vacated by subsequent order of this Court or any other court, such reversal, modification or vacatur shall not affect the validity of the acts or obligations incurred or undertaken under or in connection with the Plan prior to the Debtors' receipt of written notice of any such order. Notwithstanding any such reversal, modification or vacatur of this Order, any such act or obligation incurred or undertaken pursuant to, and in reliance on, this Order prior to the effective

date of such reversal, modification or vacatur shall be governed in all respects by the provisions of this Order and the Plan and all documents related to the Plan and any amendments or modifications to any of the foregoing.

29. Except as otherwise may be provided in the Plan or herein, notice of all subsequent pleadings in this Chapter 11 Case after the Effective Date shall be limited to the following parties: (a) the Debtors and their counsel; (b) the Plan Administrator; (c) the United States Trustee; and (d) any party known to be directly affected by the relief sought.

30. The Debtors shall serve a copy of this Order by First Class Mail to all parties that have requested notices pursuant to Bankruptcy Rule 2002 and file with this Court a certificate of such service within five (5) business days of the date of entry of this Order.

31. The Debtors shall serve (a) a notice of entry of this Order, as provided in Bankruptcy Rule 2002(f)(7) to all Creditors and Interest holders of the Debtors as of the date hereof within five (5) business days from entry of this Order, and (b) a notice of the Effective Date to all Creditors and Interest holders of the Debtor as of the date hereof within five (5) business days from the Effective Date.

Alexandria, Virginia

Dated: Aug 29 2019

/s/ Brian F. Kenney
UNITED STATES BANKRUPTCY JUDGE
Entered on Docket: August 29, 2019

WE ASK FOR THIS:

*/s/ Kristen E. Burgers*
Kristen E. Burgers (VSB No. 67997)
HIRSCHLER FLEISCHER
8270 Greensboro Drive, Suite 700
Tysons, Virginia  22102
Telephone:    (703) 584-8900
Facsimile:    (703) 584-8901
Email:        kburgers@hirschlerlaw.com


*/s/ Mark S. Lichtenstein*
Mark S. Lichtenstein (Admitted pro hac vice)
Crowell & Moring LLP
590 Madison Avenue, 20th Floor
New York, New York 10022
Telephone:    (212) 223-4000
Facsimile:    (212) 223-4001
Email:        mlichtenstein@crowell.com


*Co-Counsel to the Debtors*


SEEN AND AGREED:


*/s/ Jeffrey N. Rothleder*
Christopher J. Giaimo (Admitted pro hac vice)
Jeffrey N. Rothleder (VSB No. 91468)
Squire Patton Boggs (US) LLP
2550 M Street, NW
Washington, DC 20037
Telephone:  (202) 457-6000
Facsimile:  (202) 457-6315
E-mail:           christopher.giaimo@squirepb.com
jeffrey.rothleder@squirepb.com

*Counsel for Encore Wealth Investments Limited*

SEEN AND NO OBJECTION:


*/s/ George R. Pitts*
George R. Pitts (VSB No. 24978)
Rubin & Rudman LLP
800 Connecticut Avenue, NW
Washington, DC 20006
Telephone: (240) 356-1566
Email:    gpitts@rubinrudman.com

*Counsel for the Xia Bi Claimants*


SEEN AND NO OBJECTION:


*/s/ John Lucian*
John Lucian (VSB No. 43358)
Blank Rome
One Logan Square
130 North 18th Street
Philadelphia, PA 19103

*Counsel for the Yang Dong, et al. Claimants*


SEEN AND NO OBJECTION:


*/s/ Dennis T. Lewandowski*
Dennis T. Lewandowski (VSB No. 22232)
Kaufman & Canoles, P.C.
150 W. Main Street, Suite 2100
Norfolk, VA 23510-1665
*Counsel for Tunica County, Mississippi*

## Local Rule 9022-1(C) Certification

I certify that the foregoing Order was endorsed by all necessary parties pursuant to Local Rule 9022-1(C).

*/s/ Kristen E. Burgers*
Kristen E. Burgers

cc:     Kristen E. Burgers
        HIRSCHLER FLEISCHER
        8270 Greensboro Drive, Suite 700
        Tysons, Virginia 22102

        Mark S. Lichtenstein
        CROWELL & MORING LLP
        590 Madison Avenue, 20th Floor
        New York, New York 10022

        Christopher J. Giaimo
        Jeffrey Rothleder
        Squire Patton Boggs (US) LLP
        2550 M Street, NW
        Washington, DC 20037

        George R. Pitts
        Rubin & Rudman LLP
        800 Connecticut Avenue, NW
        Washington, DC 20006

        Robert H. Chappell, III
        Spotts Fain
        411 East Franklin Street
        Suite 600
        Richmond, VA 23219

        John Lucian
        Blank Rome
        One Logan Square
        130 North 18th Street
        Philadelphia, PA 19103

Joseph A. Guzinski, Esq.
Office of the United States Trustee
1725 Duke Street, Suite 650
Alexandria, VA 22314

Dennis T. Lewandowski
Kaufman & Canoles, P.C.
150 W. Main Street, Suite 2100
Norfolk, VA 23510-1665

11496164.5  043227.00001